IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. ET AL, | § § § | |
| Plaintiffs, | § | No. 2:18-CV-00014-JRG-RSP |
| v. | § § § | |
| DONG WEON HWANG ET AL, | § § | |
| Defendants. | § § | |

## **MEMORANDUM ORDER**

Defendant HiCon Co., Ltd. ("Defendant") has filed its Motion to Transfer Venue [Dkt. #11] pursuant to 28 U.S.C. § 1404(a).[1] Plaintiffs in this case are Plastronics Socket Partners, Ltd. and Plastronics H-Pin, Ltd. ("Plastronics"). Plastronics filed its Response [Dkt. #34], Defendant has filed his Reply [Dkt. #41], and Plastronics has filed its Sur-Reply [Dkt. #50]. After consideration of the parties' briefing, the Court concludes that this Motion should be **DENIED**.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion to transfer venue for convenience under § 1404(a) is governed by the

---

[1] Defendant's Motion also originally included a Motion to Dismiss for Improper Venue. Def.'s Mot. at 5–8. Defendant eventually filed a Motion to Withdraw [Dkt. 25] this portion, which was granted by the Court [Dkt. #109]. Thus, Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is the only remaining portion of the Motion [Dkt. #11] that needs to be addressed.

law of the local circuit. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 929 (E.D. Tex. 2017) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)).

To determine whether venue transfer is appropriate under § 1404(a), the Fifth Circuit has adopted several public and private interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id*. The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*.

A plaintiff's choice of venue is not an express factor in the analysis. *Seven Networks, LLC v. Google LLC*, 2018 U.S. Dist. LEXIS 146375, at *8 (citing *Volkswagen II*, 545 F.3d at 315). However, a moving defendant must demonstrate that the proposed venue is clearly more convenient that the original venue. *Id*. (citing *Volkswagen II*, 545 F.3d at 315). By applying this standard, the plaintiff's choice of forum is given the appropriate deference. *Id*. (citing *Volkswagen II*, 545 F.3d at 315).

The parties are in agreement that several of the public and private interest factors are relatively neutral: (1) familiarity of the forum with the law that will govern the case[2];

---

[2] Def.'s Mot. at 14; Pls.' Resp. at 9.

(2) avoidance of unnecessary problems of conflict of laws[3]; and (3) other practical problems that make trial of a case easy, expeditious, and inexpensive.[4] The Court will address the remaining factors below.

## I. The administrative difficulties flowing from court congestion

The time to trial is relatively longer in the Northern District than in the Eastern District of Texas. Table C-5—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (June 30, 2018), http://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2018/06/30. For the twelve-month period ending on June 30, 2018, the median time to trial was 21.6 months in the Eastern District and 22.7 months in the Northern District. *Id*. Because these numbers are relatively close, the court finds that this factor weighs only slightly against transfer.

## II. The local interest in having localized interests decided at home

Defendant has presented several facts to show that the Northern District has a local interest in this case. Plastronics is and has been located in Irving, Texas, which is within the Northern District. Def.'s Mot. at 14. Plastronics employees thus work in and reside near Irving, Texas. Defendant further points out that Mr. Hwang was once an employee at Plastronics, working in and residing near Irving, Texas. Def.'s Mot. at 14 (citing Original Compl. [Dkt. #1] at ¶ 27). This case also involves a counter-claim for patent infringement against Plastronics and therefore "calls into question the work and reputation of several

---

[3] Def.'s Mot. at 14; Pls.' Resp. at 9.
[4] Def.'s Mot. at 12; Pls.' Resp. at 8.

individuals residing in or near that district and who presumably conduct business in that community," suggesting that the Northern District has a localized interest in this case. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

Plastronics argues that Defendant has directly or indirectly sold products to companies having locations in the Eastern District of Texas such as ON Semiconductor, Micron, NXP, and Intel. Micron Website [Dkt. #32-3], ON Semiconductor Website [Dkt. #32-5], NXP Website [Dkt. #32-6], Intel Website [Dkt. #32-7]. Plastronics argues that this gives the Eastern District of Texas a localized interest in the case. Pls.' Resp. at 9. Defendant argues that this does not create a "significant connection" between the District and this suit as "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." Def.'s Reply at 5 n.18 (quoting *Hoffmann-La Roche*, 587 F.3d at 1338).

While residents of both districts have an interest in the case, the Court finds that the Northern District has a somewhat stronger local interest than the Eastern District in this case. Accordingly, the local interest in having localized interests decided at home factor weighs slightly in favor of transfer.

### III. The relative ease of access to sources of proof

Deciding this factor turns on "which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *Volkswagen II*, 545 F.3d at 316.

Plastronics argues that some third-party sources of documents are in possession of customers including NXP Semiconductor, Intel Corporation, ON Semiconductor, and Micron Technology, which each have a location in the Eastern District. Pls.' Resp. at 5. However, it may be presumed that "the bulk of the discovery material relating to a corporate party is located at the corporate headquarters." *Volkswagen II*, 545 F.3d at 316. None of the corporate headquarters for these companies are in the Eastern District.

Defendant argues that relevant sources of proof would be more readily available in the Northern District because Plastronics' headquarters is in Irving, which is in the Northern District of Texas, but is also adjacent to the Eastern District.

Each of the Defendants' sources of proof are likely located in Korea, where the two Defendant companies are headquartered. HiCon Co., Ltd. Certificate of Business Registration [Dkt. #82-8] at 3; HiCon Company Certificate of Business Registration [Dkt. #82-9] at 3. Third-party HiCon USA LLC serves as a distributor of Defendants' products in the United States. Distribution Agreement [Dkt. #11-4]. HiCon USA LLC's President states that the business is based in Arizona and "maintains all of its documents, including sales and marketing documents," in its Arizona location. Schubring Decl. ¶ 5, 11.

It is well established that if the movants' documents will have to travel a substantial distance to either venue, a slight difference in the distance to be traveled is not a significant factor. Here the difference between the Eastern and Northern Districts is inconsequential with respect to sources of proof traveling from Korea and Arizona. There is no inconvenience to Plastronics from proceeding in their venue of choice.

For the aforementioned reasons, the Court finds that this factor is neutral.

## IV. The availability of compulsory process to secure the attendance of witnesses

This factor is relatively neutral. Defendant argues that many potential third-party witnesses would be unavailable at trial if the case proceeds in Marshall. Def.'s Mot. at 12. Defendant argues that many potential witnesses, namely former Plastronics employees, live near Irving, TX, which is within 100 miles from Dallas, and could be subpoenaed to participate in trial. *Id.* Because of this, this Defendant contends that this factor weighs in favor of transfer. *Id.*

The Court finds that this factor is relatively neutral for several reasons. First, current Plastronics employees in Texas would be available to provide live testimony at trial as willing witnesses. Second, even former employees and others living in the Dallas area are subject to compulsory process for trial testimony in Marshall because they would not "incur substantial expense" in doing so. Fed. R. Civ. P. 45(c)(1)(B). Of course, all potential witnesses can be subpoenaed for depositions under Rule 45 if this case remains in the this district. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 459719, at *5 (E.D. Tex. Jan. 31, 2014) ("While this Court recognizes some generic benefit of providing live witnesses at trial, the Court is not convinced that using the non-party witnesses' deposition as opposed to live testimony at trial would seriously inconvenience Defendants.").

## V. The cost of attendance for willing witnesses

Defendant identifies four potential witnesses that should be considered under this factor: David Pfaff, Wayne Pfaff, Defendant Hwang, and Paul Schubring. Def.'s Mot. at

11. David Pfaff appears to be the president of Plastronics Socket Company. Plastronics Website Screenshot [Dkt. #11-10]. Wayne Pfaff appears to serve as a General Partner of Plastronics Socket Partners, L.P. *See* Disputed Assignment and Agreement [Dkt. #9-6] (signed by Wayne Pfaff as General Partner of the company). Paul Schubring states that he is the president and chief operating officer of HiCon USA, LLC and that he has served in that role since the company was formed. Schubring Decl. [Dkt. #11-12] at ¶ 2. HiCon USA, LLC acts as a distributor in this case. Distribution Agreement.

Any inconvenience to or cost imposed upon David and Wayne Pfaff provides little support under this factor. While these men might be forced to pay for travel if the case is tried in Marshall, both men work for one of the Plastronics businesses and presumably are amenable to trying the case in the Marshall Division. Further, these men will likely be party witnesses, and "convenience of party witnesses is given little weight." *Seven Networks,* at *32 (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 U.S. Dist. LEXIS 27903, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY, 2010 U.S. Dist. LEXIS 148396 (Apr. 14, 2010); *Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007)).This minimizes the impact of these potential witnesses on this factor.

Defendant also identifies Dong Weon Hwang as a potential witness, Def.'s Mot. at 11, but any inconvenience to or cost imposed upon Hwang provides little support under this factor. Hwang would already have to travel from Seoul to Dallas, so any additional inconvenience to Hwang by trying the case in Marshall would be slight when viewed in the context of the overall trip. *See In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir.

2009) (stating that the inconvenience caused to witnesses from Europe is limited as the witnesses will be required to travel a significant distance no matter where they testify).

Defendant also identifies Paul Schubring as a potential witness. Schubring is an officer of a corporate affiliate of the Defendants, who resides in Arizona. He contends that it would be more convenient for him to voluntarily travel to Dallas. Defendants concede that he is not subject to compulsory process in either venue. The slight additional distance to Marshall from Arizona is not a factor of consequence in this analysis.

Considering the arguments made by the parties, the Court finds that this factor is neutral.

## VI. Weighing the factors together

The Court concludes that this motion to transfer to the Northern District of Texas should be **DENIED**. A defendant must show that the proposed forum is clearly more convenient, and the Court concludes that Defendant has not met that burden in this case. The Defendants' Motion is therefore **DENIED**.

**SIGNED this 13th day of December, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE