IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. § <br> AND § <br> PLASTRONICS H-PIN, LTD. § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> DONG WEON HWANG, AND § <br> HICON CO. LTD. § <br> § <br> Defendants. § <br> § | Civil Action No. 2:18-cv-00014-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE DEPONENT UNDER FED. R. CIV. P. 30(b)(6) AND FOR SANCTIONS UNDER RULE 37**

**I.   Introduction**

Under Fed. R. Civ. P. 30(b)(6), a responding organization must ensure that its witness is prepared to provide all information known or reasonably available in the organization's control.

Defendant Hicon Co., Ltd. ("Defendant") failed to prepare its witness to testify on the areas of inquiry in Plaintiffs Plastronics Socket Partners, Ltd. and Plastronics H-Pin, Ltd.'s ("Plastronics") Third Amended Notice of Deposition under Fed. R. Civ. P. 30(b)(6). *See* Ex. A.[1] Because Defendant inadequately prepared its witness, the witness was unable to answer questions on the chosen topics. Compounding this inadequate preparation was the great expense that Plastronics incurred flying to Korea, hiring a translator for the deponent, and paying its expert witness to monitor the deposition remotely.

Plastronics now requests that the Court (1) order Defendant to produce an adequately prepared designee or designees on the areas of inquiry in the Amended Notice of Deposition; (2) order this deposition take place at the office of Plastronics' counsel in Plano, Texas; and (3) order

---

[1] Once Plastronics finally secured the location and time of this witness through the Court's intervention, *see* Dkt. No. 153, Plastronics re-noticed this deposition under Rule 30(b)(6) with the same topics.

that Defendant's pay Plastronics its costs and fees for the futile 30(b)(6) deposition in Korea and for any further deposition ordered by the Court.

**A.     Deposition Topics**

On January 28, 2019, the deposition of Defendant HiCon Co., Ltd. took place in Seoul, Korea. Defendant designated Joong Tak ("JT") Kwon as its 30(b)(6) designee on these topics:

**Topic No. 26.**

For the "Hi-CONTACT" pin, Defendants' and/or its Affiliates' sales to all customers, in units and dollars, since the U.S. and foreign launch of the "Hi-CONTACT" pin until present.

**Topic No. 27.**

For the "Hs-CONTACT" pin, Defendants' and/or its Affiliates' sales to all customers, in units and dollars, since the U.S. and foreign launch of the "Hs-CONTACT" pin until present.

**Topic No. 28.**

For the "Hr-CONTACT" pin, Defendants' and/or its Affiliates' sales to all customers, in units and dollars, since the U.S. and foreign launch of the "Hr-CONTACT" pin until present.

**Topic No. 31.**

The gross profit attributable to each of the Accused Devices on a month-by-month, quarter-by-quarter, and annual basis since the U.S. and foreign launch of each of the Accused Devices until present.

**Topic No. 33.**

Fixed and variable costs, and profit margins from April 30, 2007 to present for the "Hi-CONTACT" pin.

**Topic No. 34.**

Fixed and variable costs, and profit margins from April 30, 2007 to present for the "Hs-CONTACT" pin.

**Topic No. 35.**

Fixed and variable costs, and profit margins from April 30, 2007 to present for the "Hr-CONTACT" pin.

**Topic No. 36.**

Fixed and variable costs, and profit margins from April 30, 2007 to present for the "Hi-CONTACT" pin.

**Topic No. 37.**

Fixed and variable costs, and profit margins from April 30, 2007 to present for the "Hs-CONTACT" pin.

**Topic No. 38.**

Fixed and variable costs, and profit margins from April 30, 2007 to present for the "Hr-CONTACT" pin.

**Topic No. 39.**

Revenue attributable to each of the Accused Devices on a month-by-month, quarter-by-quarter, and annual basis since the U.S. and foreign launch of each of the Accused Devices until present.

**Topic No. 41.**

Defendants' and/or its Affiliates' revenue analyses, forecasts, or reports in connection with each of the Accused Devices.

**Topic No. 42.**

Defendant and/or its Affiliates determines its revenue/income, expenses/costs and profits, including such figures relating to the sales and/or use of each of the Accused Devices.

**Topic No. 44.**

Defendants' and/or its Affiliates' financial statements and income statements since the U.S. and foreign launch of each of the Accused Devices until present.

**Topic No. 45.**

Defendants' and/or its Affiliates' balance sheets since the U.S. and foreign launch of each of the Accused Devices until present.

**Topic No. 46.**

Defendants' and/or its Affiliates' profit-loss statements since the U.S. and foreign launch of each of the Accused Devices until present.

**Topic No. 76.**

Agreements between HiCon Ltd. and HiCon Co.

**Topic No. 78.**

Sales data, including number of units and amount of sales, of any Accused Devices between HiCon Ltd. and HiCon Co.

**B.     The Testimony**

These topics enumerated above are related to the Defendant's finances. In response, Defendant designated Joong Tak ("JT") Kwon, a senior research engineer for Defendant. Ex. B, Deposition of Joong Tak Kwon (Kwon Dep.), p. 16:9-11.

Kwon testified that he was not involved in the financial affairs of the company. Ex. B., Kwon Dep., p. 23:14-20. He also testified that Defendant has hired an outside accounting firm, Hyundae (Hyundai) Accounting Firm, to handle Defendant's financials. Ex. B., Kwon Dep., pp.23-24: 24-3. Kwon also did not know what qualified him to testify on the financial aspects of Defendant. Ex. B., Kwon Dep., p. 29:14-17.

In fact, he did not speak with anyone, including Defendant's outside accounting firm, to gain financial knowledge of Defendant. Ex. B., Kwon Dep., pp. 29-30: 25-16. Kwon agreed that the financial data given to Plastronics in the case was incomplete. Ex. B., Kwon Dep., p. 40: 10-15.

For questions about unit sales data or costs data, Kwon did not know if that information existed. Ex. B., Kwon Dep., p. 43:5-8; p. 45:15-18. In that same vein, Kwon did not know about the revenue and profits for the products listed in the 30(b)(6) topics. Ex. B., Kwon Dep., p. 55:2-18; p. 57:20-25; p. 70-71:21-22; p.72-73:9-5.

When Plastronics' counsel raised Kwon's lack of preparation, Defendant stated that the information that Plastronics requested submitted with the "Korea Tax authorities" and could be found there. Ex. B., Kwon Dep., pp. 74-75:15-7. Defendant also contended that the information is not "kept with the company" and that "things are run a little bit differently in Korea." Ex. B, Kwon Dep., p. 73:15-21.

As detailed below, Defendant has a duty under Rule 30(b)(6) to prepare its witness and review all information known or reasonably available in the organization's control. Information kept with Defendant's outside accountant or information that it gave to the Korean tax authorities is within Defendant's control.

## II.     Argument and Authorities

### A.     Defendant failed to prepare its Rule 30(b)(6) designee

Defendant failed to prepare its Rule 30(b)(6) designee. The Court should therefore order that Defendant produce a prepared witness on the topics in Plastronics' Rule 30(b)(6) notice in the office of Plastronics' counsel in the Eastern District of Texas.

After Plastronics notified Defendant about the reasonably particular areas of inquiry, Defendant was under a duty to prepare its witness. "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *see also Raytheon Co. v. Cray, Inc.*, No. 2:15-CV-01554-JRG-RSP, 2017 WL 2633696, at *2 (E.D. Tex. June 19, 2017) ("If the deponent designates a person to testify, the deponent must prepare that person to answer the questions posed about the subject matter."); *see also Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn 2000) (holding that an entity "must not only produce such number of persons as will satisfy the request, but more importantly prepare them so that they may give complete, knowledgeable, and binding answers on behalf of the corporation.").

This preparation includes requiring organizations to review all information known or reasonably available to them about the matters of examination. *See Calzaturficio S.C.A.R.P.A s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001). The responding party has the responsibility to prepare its Rule 30(b)(6) witness "to the extent the matters are reasonably available, whether from documents, past employees, or other sources." *Id*. at 37.

Without this duty, the responding party could conduct a deceptive and incomplete review for the deposition, followed by a vigorous preparation for trial, and undermine the purpose of the rule. *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005). This strategy would defeat the purpose of the discovery process. *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999).

When a responding party prepares a witness, it must account for known and available materials, including (1) fact witness testimony (2) exhibits (3) documents (4) employee's files and (5) interviews of former employees or others with knowledge. *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996). The responding party's duty includes questioning employees, agents, and others "who conceivably, but in realistic terms, may have information that may lead to or furnish the necessary and appropriate response" to the particular matters of examination. *Henry v. Champlain Enterprises, Inc*., 212 F.R.D. 73, 78 (N.D.N.Y. 2003).

Witness must review all those documents that the organization has the legal right, authority, or practical ability to obtain. Even if the documents are in a nonparty's possession or otherwise not in the responding party's physical possession, the responding party must locate them and the witness must review them. *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 635 (D. Kan. 1999); *see also Concerned Citizens of Belle Haven v. Belle Haven Club,* 223 F.R.D. 39, 44 (D. Conn. 2004) (finding that the inquiry requires a responding party to seek information from nonparties with whom there is a relationship).

A responding party is not allowed to construe narrowly available to mean information in documents that it physically controls or information that current employees hold. Known information includes all the facts the party has in its actual control, as well as information that it is actively using, reviewing, or gathering for purposes of the litigation. That is reasonably available extends beyond mere physical possession or legal ownership. Federal courts have consistently held that control is defined as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." *Prokosch v. Catalina Lighting, Inc*., 193 F.R.D. 633 (D. Minn. 2000).

Defendant attempts to justify its inadequate preparation of its designee by arguing that the information was with its outside accounting firm. Importantly, in Plastronics' Notice of Deposition under Rule 30(b)(6), Plastronics provided the following definition: "'You" or 'Your' refers to HiCon Co., Ltd, and its present or former representatives, *agents*, assigns, employees, officers, directors, attorneys, or *consultants or any other persons currently acting or who previously acted on Your behalf*." (Emphasis added) Ex. A at 4. Defendant did not object to this definition.[2] *See* Ex. C at 1-6. Hence, this accounting firm is inarguably within Defendant's control as an agent, consultant or another person currently acting or previously acted on HiCon Ltd.'s behalf. *See id.*; *see also* Ex. A at 4. Still further, during the hearing on Defendant's Motion for Protective Order on December 7, 2018, counsel for Defendant did not object to any of the above-mentioned topics that pertain to Mr. Kwon. *See generally* Ex. D. Plastronics first learned about involvement of the third party accounting firm, Hyundae, during the deposition of Kwon. Thus, Defendant had the obligation under Rule 30(b)(6) to obtain all documents from the accounting

---

[2] Defendant only served objections to Plastronics' original Notice of Deposition Under Rule 30(b)(6). Again, once Plastronics finally secured the location and time of this witness through the Court's intervention, *see* Dkt. No. 153, Plastronics re-noticed this deposition under Rule 30(b)(6) with the same topics. Defendant did not serve any additional objections.

firm and prepare the designee for his testimony based upon that information. Defendant also cannot justify its incomplete review on other materials that Defendant had the right to request. Defendant had the duty to obtain these materials and prepare for the testimony accordingly. Accordingly, Defendant failed to prepare Mr. Kwon for his 30(b)(6) deposition.

### B. Plastronics has a right to sanctions under Rule 37

Plastronics is entitled to sanction for Defendant's inadequate preparation.

"If the corporation does not fulfill its duty to present and prepare a knowledgeable deponent under Rule 30(b)(6), it is subject to sanctions under Federal Rule of Civil Procedure 37(d)." *Rivas v. Greyhound Lines, Inc.*, No. EP-14-CV-166-DB, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015).

Inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings. *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996). Available sanctions include the responding party paying the costs for the next deposition. *QBE Ins. Corp. v. Jorda Enterprises, Inc*., 277 F.R.D. 676, 699 (S.D. Fla. 2012). But the mere fact that the requesting party later has an opportunity to depose a witness again does not cure the initial inadequacy of the witness. *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).

Plastronics requests that the Court sanction Defendant $4,600.00 for Defendant's lack of preparation of its Rule 30(b)(6) witness. As a result, Plastronics will be prejudiced by Plastronics' expert's inability to general his report by February 18, 2019. This request includes the cost of a certified Korean translator ($1,000.00, *see* Ex. E, F), and costs for Mr. Chase Perry, Plastronics' expert ($3,600.00, *see* Ex. G).

### III. Conclusion.

Plastronics request that the Court:
1) Order Defendant to produce an adequately prepared designee or designees on the areas of inquiry in the Amended Notice of Deposition;

2) Order this deposition(s) take place at the office of Plastronics' counsel in Plano, Texas;

3) Order that Defendant pays Plastronics its costs in the amount of $4,600.00 for the January 28, 2019 Rule 30(b)(6) deposition in Korea and for any further deposition ordered by the Court; and,

4) If necessary, leave of Court for Plastronics' expert to supplement his report as a result of any further ordered deposition(s).

Dated: February 4, 2019

Respectfully Submitted,

*/s/ Katarzyna Brozynski*
Katarzyna Brozynski
Texas State Bar No. 24036277
kbrozynski@spencerfane.com
Antonio S. Devora
Texas State Bar No. 24074133
adevora@spencerfane.com
Bart Dalton
Texas State Bar No. 24043418
bdalton@spencerfane.com
SPENCER FANE, LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 Telephone
(972) 324-0301 Fax

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATION OF CONFERENCE

This is to certify that on February 4, 2019 counsel for Plaintiffs Plastronics Socket Partners, Ltd. and Plastronics H-Pin, Ltd. conferred with counsel for Defendants, and Defendants oppose this Motion.

                                                   */s/ Katarzyna Brozynski*
                                                   Katarzyna Brozynski

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 4, 2019, this document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

                                                   */s/ Katarzyna Brozynski*
                                                   Katarzyna Brozynski