**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. AND PLASTRONICS H-PIN, LTD. | § § § | |
| | § | Civil Action No. 2:18-cv-00014-JRG |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| vs. | § § | |
| DONG WEON HWANG, AND HICON CO. LTD. | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER RULE 12(C)

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiffs/Counter-Defendants Plastronics Socket Partners, Ltd. ("Plastronics Socket") and Plastronics H-Pin ("Plastronics H-Pin") (collectively, "Plastronics") move for partial judgment on the pleadings of Defendant/Counter-Plaintiff Dong Weon Hwang's ("Hwang's") counterclaims for breach of contract (Counts IV and V) in Hwang's First Amended Answer, Affirmative Defenses, and Counterclaims filed on August 7, 2018 (Dkt. No. 84) ("Amended Counterclaims"). Plastronics moves for partial judgment on the pleadings because Hwang cannot state a claim upon which relief can be granted. The reasons for granting this Motion are set forth in detail below.

## I.  SUMMARY OF ARGUMENTS

In his original and again in his amended counterclaims, Hwang failed to state a claim upon which relief can be granted for each of Hwang's counterclaims for breach of contract, particularly in view of the Magistrate's Report and Recommendation on February 13, 2019 regarding

Plastronics' Motion to Dismiss under Rule 12(b)(6) for Hwang's and HiCon Co., Ltd.'s ("HiCon Ltd.'s") counterclaim for patent infringement, Dkt. No. 168 (the "Report and Recommendation").

In Count IV of Hwang's Amended Counterclaims, Hwang alleges that "Plastronics Socket breached the Royalty Agreement by licensing the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Mr. Hwang's consent." Dkt. No. 84 at 51, ¶302.  In Count V of Hwang's Amended Counterclaims, Hwang alleges that "Plastronics Socket breached the Royalty Agreement[1] by transferring its interest in the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Mr. Hwang's written consent." *Id.* at 53, ¶312.

Count IV of Hwang's counterclaim for breach of contract for the Royalty Agreement at least partially fails as a matter of law due to a divisive merger between Plastronics Socket and Plastronics H-Pin.  Likewise, Count V Hwang's counterclaim for breach of contract for the Assignment Agreement at least partially fails as a matter of law due to this same divisive merger. These counterclaims fail because in the Report and Recommendation, the Magistrate held that there was no prohibited transfer of the '602 Patent from Plastronics Socket to Plastronics H-Pin.

Therefore, each of Hwang's counterclaims for breach of contract for an improper transfer or license fails to assert a viable claim. Accordingly, dismissal pursuant to Rule 12(c) is proper.

## II.  EACH OF HWANG'S BREACH OF CONTRACT COUNTERCLAIMS SHOULD BE DISMISSED IN PART FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – ARGUMENT AND AUTHORITIES

### A.    Legal Standard Governing Motions for Judgement on the Pleadings Under Rule 12(c) and Motions to Dismiss Under Rule 12(b)(6)

"[T]he standard for dismissal under Rule 12(c) is the same as under Rule 12(b)(6): 'To

---

[1] Plastronics believes this a typographical error which should read "Assignment and Agreement" because the Royalty Agreement does not have a provision for "transferring [an] interest" in the '602 Patent.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir.2017)).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint. *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 WL 5150682, at \*4 (E.D. Tex. Mar. 21, 2017), *report and recommendation adopted*, No. 6:16-CV-01165-RWS-JDL, 2017 WL 1950810 (E.D. Tex. May 11, 2017). Courts have held that Rule 8(a) counterclaims and affirmative defenses are subject to the same pleading requirements as complaints. *See Teirstein v. AGA Med. Corp.*, No. 6:08-cv-14, 2009 U.S. Dist. LEXIS 125002, at \*4 (E.D. Tex. Feb. 13, 2009) (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th. Cir. 1999)).

To survive a motion to dismiss, a complaint must recite sufficient facts that when accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[]." *Twombly*, 550 U.S. at 555. Normally, in deciding a motion to dismiss for failure to state a claim, "courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Pleading facts merely consistent with a defendant's liability does not show plausibility of entitlement to relief. *Id.* Pleadings stating facts

that imply merely the possibility of misconduct are inadequate and subject to dismissal under Rule 12(b)(6). *Id.* at 679. Furthermore, conclusory pleadings without well-pleaded factual allegations do not receive the assumption of truth—Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Failure to plead enough facts to state a claim to relief that is plausible on its face will therefore result in dismissal per Rule 12(b)(6). *Id.*

Accordingly, each of Hwang's counterclaims for breach of contract is subject to the *Twombly/Iqbal* plausibility standard and, as discussed below, each discussed counterclaim fails to meet this standard and should be dismissed.

**B.      Hwang's Counterclaim for Breach of Contract – The Royalty Agreement for Improper Licensing of the '602 Patent Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted**

Hwang's counterclaim for breach of contract for improper licensing of the '602 Patent under the Royalty Agreement (Count IV) should be dismissed under Rule 12(c) because this counterclaim fails as a matter of law due to the divisive merger between Plastronics Socket and Plastronics H-Pin, the result of which is Plastronics H-Pin is the current co-assignee of the '602 Patent, not a licensee.

"Licenses are considered as nothing more than a promise by the licensor not to sue the licensee, and title to the patent does not change hands under a license agreement. However, assignments pass title to the patentee's rights, with all the accompanying rights of ownership, from the patentee to the assignee." (emphasis added) *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1577 (Fed. Cir. 1997). "Our case law is clear that state law, not federal law, typically governs patent ownership." *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008). "[T]here is nothing that limits assignment as the only means for transferring patent ownership. Indeed, the case law illustrates that ownership of a patent may be changed by operation

of law." (emphasis added) *Akazawa*, 520 F.3d at 1356. Accordingly, Texas law applies in this case, namely TEX. BUS. ORGS. CODS ANN. §§ 1.002(55), 10.008(a).

"'Merger' means…the division of a domestic entity into two or more new domestic entities or other organizations or into a surviving domestic entity and one or more new domestic or foreign entities or non-code organizations…" TEX. BUS. ORGS. CODE ANN. § 1.002(55) (West). "When a merger takes effect…all rights, title, and interests to all real estate *and other property* owned by each organization that is a party to the merger is allocated to and vested, subject to any existing liens or other encumbrances on the property, in one or more of the surviving or new organizations as provided in the plan of merger *without…any transfer or assignment having occurred*…" (emphasis added) TEX. BUS. ORGS. CODE ANN. § 10.008(a) (West). The Texas Legislature intended by its amendments to the Business Corporations Act that a prohibited transfer would not be implied by merger but would only occur in the event the parties agreed that merger specifically violated an anti-assignment provision. *TXO Prod. Co. v. M.D. Mark, Inc.*, 999 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1999).

The Royalty Agreement provides that "[n]either PSP or Hwang can grant a license for the patents covering the 'H-Pin Project' without approval from the other party." Dkt. No. 82-5 at 2. The Royalty Agreement is silent on statutory merger. *See* Dkt. No. 82-5. Both parties could have addressed the issue of a statutory merger in the Royalty Agreement, but notably did not. *See id*.

On or about December 31, 2012 Plastronics Socket divisively merged into Plastronics H-Pin.[2] *See* Dkt. No. 1, ¶29; *see also* Dkt. No. 65, ¶47. Hwang does not dispute this. "On information

---

[2] As originally pleaded in the original complaint and again in the amended complaint, on or about December 31, 2012, Plastronics Socket formed Plastronics H-Pin through a divisive merger. As a result, Plastronics H-Pin acquired all assignment rights of the '602 Patent and all rights and obligations of the Royalty Agreement and the Assignment Agreement. Plastronics H-Pin is now the current assignee of the '602 Patent, along with Hwang, and is the successor-in-interest to Plastronics Socket in each of the Royalty Agreement and the Assignment Agreement.

and belief, on or around December 31, 2012, Plastronics Socket formed Plastronics H-Pin through a divisive merger." Dkt. No. 26, ¶27; Dkt. No. 84, ¶241. As a result, all assigned right, title, and interest in and to the '602 Patent held by Plastronics Socket vested automatically in Plastronics H-Pin by operation of law. *See* TEX. BUS. ORGS. CODE ANN. § 10.008(a).

The Magistrate in the Report and Recommendation agreed with Plastronics. "Under Texas law, the division of Plastronics constitutes a divisive merger and the transfer of rights therefore occurred by operation of law, so no prohibited transfer occurred. The division of Plastronics Socket into Plastronics Socket and Plastronics H-Pin falls squarely within the definition of merger." Dkt. No. 168 at 4. Further, the "'prohibited transfer [should] not be implied by merger . . . .'" *Id.* at 5 (quoting *TXO Prod.*, 999 S.W.2d at 143). "Because no prohibited transfer occurred, Plastronics H-Pin possesses rights in the '602 Patent and therefore has authority to practice the patent." *Id.*

Plastronics H-Pin is the co-assignee of the '602 Patent, not a licensee. Hwang as President and CEO of HiCon Ltd. has admitted this. "Plastronics is an assignee…not [a] licensee." Dkt. No. 83 at 3. Accordingly, Plastronics H-Pin is fully authorized to practice the '602 Patent as an owner of the '602 Patent, for which Plastronics H-Pin does not need nor has it been granted a license. *See id.*; *see also Jim Arnold*, 109 F.3d at 1577. Therefore, as a proper co-assignee of the '602 Patent and not a licensee, Plastronics did not violate the Royalty Agreement. Hence, no license, transfer of any interest in, or any assignment of the '602 Patent occurred between Plastronics Socket and Plastronics H-Pin other than by operation of law. *See id.*; *see also TXO Prod.*, 999 S.W.2d at 143 ("We further hold that, as a matter of law, the merger did not constitute a prohibited transfer or disclosure, and appellants were entitled to summary judgment."). Accordingly, Hwang's counterclaim for breach of contract for improper licensing under the

Royalty Agreement fails as a matter of law.

### C. Hwang's Counterclaim for Breach of Contract – The Assignment and Agreement for  Improper Transfer of the '602 Patent Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted

Hwang's counterclaim for breach of contract under the Assignment Agreement for improper transfer of the '602 Patent (Count V) should be dismissed under Rule 12(c) because this counterclaim fails as a matter of law due to the divisive merger between Plastronics Socket and Plastronics H-Pin, the result of which is Plastronics H-Pin is the current co-assignee of the '602 Patent.

"Our case law is clear that state law, not federal law, typically governs patent ownership." *Akazawa*, 520 F.3d at 1357. "[T]here is nothing that limits assignment as the only means for transferring patent ownership. Indeed, the case law illustrates that ownership of a patent may be changed by operation of law." (emphasis added) *Akazawa*, 520 F.3d at 1356. Accordingly, Texas law applies in this case, namely TEX. BUS. ORGS. CODE ANN. §§ 1.002(55), 10.008(a).

"'Merger' means…the division of a domestic entity into two or more new domestic entities or other organizations or into a surviving domestic entity and one or more new domestic or foreign entities or non-code organizations…"  TEX. BUS. ORGS. CODE ANN. § 1.002(55) (West).  "When a merger takes effect…all rights, title, and interests to all real estate *and other property* owned by each organization that is a party to the merger is allocated to and vested, subject to any existing liens or other encumbrances on the property, in one or more of the surviving or new organizations as provided in the plan of merger *without…any transfer or assignment having occurred…*" (emphasis added) TEX. BUS. ORGS. CODE ANN. § 10.008(a) (West).  The Texas Legislature intended by its amendments to the Business Corporations Act that a prohibited transfer would not

be implied by merger but would only occur in the event the parties agreed that merger specifically violated an anti-assignment provision. *TXO Prod.*, 999 S.W.2d at 143.

On or about December 31, 2012 Plastronics Socket divisively merged into Plastronics H-Pin.[3] *See* Dkt. No. 1, ¶29; *see also* Dkt. No. 65, ¶47. Again, Hwang as President and CEO of HiCon Ltd. does not dispute this. "On information and belief, on or around December 31, 2012, Plastronics Socket formed Plastronics H-Pin through a divisive merger." Dkt. No. 26, ¶27; Dkt. No. 84, ¶241. As a result, all assigned right, title, and interest in and to the '602 Patent held by Plastronics Socket vested automatically in Plastronics H-Pin by operation of law. *See* TEX. BUS. ORGS. CODE ANN. § 10.008(a).

As discussed above, the Magistrate in the Report and Recommendation agreed with Plastronics. "Under Texas law, the division of Plastronics constitutes a divisive merger and the transfer of rights therefore occurred by operation of law, so no prohibited transfer occurred. The division of Plastronics Socket into Plastronics Socket and Plastronics H-Pin falls squarely within the definition of merger." Dkt. No. 168 at 4. Further, the "'prohibited transfer [should] not be implied by merger . . . .'" *Id.* at 5 (quoting *TXO Prod.*, 999 S.W.2d at 143). "Because no prohibited transfer occurred, Plastronics H-Pin possesses rights in the '602 Patent and therefore has authority to practice the patent." *Id.*

Accordingly, Hwang's counterclaim for breach of contract for improper transfer under the Assignment Agreement fails as a matter of law.

---

[3] As originally pleaded in the original complaint and again in the amended complaint, on or about December 31, 2012, Plastronics Socket formed Plastronics H-Pin through a divisive merger. As a result, Plastronics H-Pin acquired all assignment rights of the '602 Patent and all rights and obligations of the Royalty Agreement and the Assignment Agreement. Plastronics H-Pin is now the current assignee of the '602 Patent, along with Hwang, and is the successor-in-interest to Plastronics Socket in each of the Royalty Agreement and the Assignment Agreement.

## III.  CONCLUSION

For the reasons set forth above, each of Hwang's counterclaims for breach of contract for an improper transfer or license fails to assert a viable claim and each is insufficiently pleaded should be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs/Counter-Defendants Plastronics respectfully request that this Court grant this motion, dismiss Hwang's counterclaims for breach of contract (Counts IV and V) in part, and grant all other relief to which Plastronics may be entitled.


Date:   February 27, 2018                    Respectfully Submitted,

                                             */s/ Katarzyna Brozynski*
                                             Katarzyna Brozynski
                                             Texas State Bar No. 24036277
                                             kbrozynski@spencerfane.com
                                             Antonio S. Devora
                                             Texas State Bar No. 24074133
                                             adevora@spencerfane.com
                                             Bart Dalton
                                             Texas State Bar No. 24043418
                                             bdalton@spencerfane.com
                                             SPENCER FANE, LLP
                                             5700 Granite Parkway, Suite 650
                                             Plano, TX 75024
                                             (972) 324-0300 Telephone
                                             (972) 324-0301 Fax

                                             **ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 27, 2019, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Katarzyna Brozynski*
Katarzyna Brozynski