IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. AND PLASTRONICS H-PIN, LTD.<br><br>Plaintiffs,<br><br>vs.<br><br>DONG WEON HWANG, AND HICON CO. LTD.<br><br>Defendants. | § § § § § § § § § § § § § § § Civil Action No. 2:18-cv-00014-JRG<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER RULE 12(C)

Plaintiffs Plastronics Socket Partners, Ltd. ("Plastronics Socket") and Plastronics H-Pin, Ltd. ("Plastronics H-Pin") (collectively, "Plastronics") file this Reply in further support of their Motion for Partial Judgment on the Pleadings Under Rule 12(c), Dkt. No. 180 (the "Motion"), and in response to Defendant/Counter-Plaintiff Dong Weon Hwang's ("Hwang's") Response Opposing Plastronics' Motion for Partial Judgment on the Pleadings, Dkt. No. 191 (the "Response").

### A. Hwang's Arguments for Reconsideration are Untimely and Barred

Hwang's arguments for reconsideration are untimely and barred. "[A] party is not entitled de novo review after failing to file written objections to the magistrate judge's R&R within a certain period of time." *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018). "To invoke the bar, the magistrate judge 'must specifically advise the parties that objections must be so filed.'" *Quinn*, 863 F.3d at 358 (quoting *Rodriguez v. Bowen*, 857 F.2d 275, 277 (5th Cir. 1988). As the Magistrate warned in the Report and Recommendation:

> A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Dkt. No. 168 at 12. Hwang failed to file any objections to the Magistrate's Report and Recommendation. *See* Dkt. No. 183. Hwang is attempting to resurrect a lost opportunity of objecting to the Magistrate's Report and Recommendation within 14 days thereof. Even more troubling is that Hwang offers no explanation for his tardiness. *See generally* Dkt. No. 191. Accordingly, Hwang has waived any such de novo review. *See Quinn*, 863 F.3d at 358. Therefore, the Court should not entertain any of Hwang's arguments for reconsideration in the Response. *See id.*

Moreover, Hwang's arguments in the Response are improper because Hwang failed to establish any clear error, the arguments to which Hwang was confined. "If the parties then fail to file objections, we review only for plain error." *Id.* (citing *Douglass*, 79 F.3d at 1430). Hwang's arguments are for reconsideration, i.e., a de novo review, and fail to make a case for clear error. *See* Dkt. No. 191 at 3-10. Further, Hwang's Response raises arguments for the first time that were never made in the original briefing and could have been made at that time. Specifically, Hwang alleges for the first time that he would be prejudiced by a divisive merger. *See id.* at 5-7. These new factual and legal arguments are barred as well. *See Douglass*, 79 F.3d at 1430. Accordingly, Hwang's arguments for reconsideration are barred and the Court should reject them. *See id.*; *see also Quinn*, 863 F.3d at 358.

### B.    Texas Law, Not Federal Law Applies, Including Divisive Merger, To Patent Assignments

As the Report and the Recommendation correctly found, "the Federal Circuit has stated that 'state law, not federal law, typically governs patent ownership.'" Dkt. No. 168 at 3-4 (quoting *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008). "Under Texas law, the division of Plastronics constitutes a divisive merger and the transfer of rights therefore occurred by operation of law, so no prohibited transfer occurred. The division of Plastronics Socket into Plastronics Socket and Plastronics H-Pin falls squarely within the definition of merger." *Id.* at 4.

Further, Hwang's citation to *TXO Production Co. v. M.D. Mark, Inc.*, 999 S.W. 2d 137 (Tex. App.—Houston 1999) is misplaced. The two "examples" of prejudice cited by Hwang are misleading. *See* Dkt. No. 191 at 5. As to the first example of "gaining access to a patent right," the court in *TXO* noted that "the [*PPG Indus., Inc. v. Guardian Indus. Corp.*, 597 F.2d 1090, 1093 (6th Cir. 1979)] opinion also was based on strong public policy against the implied assignment of patent <u>licenses</u>." *TXO*, 999 S.W.2d at 141. In contrast, "this case involves an assignment of patent ownership[.]" Dkt. No. 168 at 4. Again, as the Magistrate already found "[t]he effort to analogize the law regarding licensing to the law regarding assignment of ownership is unconvincing." Dkt. No. 168 at 3. Hence, no such prejudice exists as to the first "example."

As to the second "example" of where a "non-merging party [is] forced to accept a partner with whom it did not agree to form a partnership[,]" Dkt. No. 191 at 5, this example is also misplaced. Again, as the court in *TXO* discussed, this example from *Nicolas M. Salgo Assocs. v. Cont'l Illinois Properties*, 532 F. Supp. 279, 280–81 (D.D.C. 1981) was based on a partnership agreement between two business partners. *See TXO*, 999 S.W.2d at 140-141. Such is not the case here. Plastronics and Hwang were not business partners. Therefore, this second "example" cited by Hwang is also inapplicable here. *See id.*

Most importantly and which Hwang failed to mention in the Response, the court in *TXO* after distinguishing the two cases *PPG* and *Salgo*, upon which Hwang cites for "examples," held explicitly that "the holdings of both cases are <u>contrary to the merger statutes</u>." *TXO*, 999 S.W.2d at 141–142. As such, Hwang's reliance on *TXO* is misplaced. Accordingly, Hwang is not prejudiced under either of the two cited examples.

Finally, as to Hwang's argument that the language of the Assignment Agreement prohibits a transfer, Dkt. No. 191 at 3-5, the court in *TXO* correctly held that "the Texas Legislature intended by its amendments to the Business Corporations Act that *a prohibited transfer would not be implied by merger <u>but would **only** occur in the event the parties agreed that merger specifically violated an anti-assignment provision</u>*." (emphasis added ) *TXO*, 999 S.W.2d at 143; *see also* Dkt. No. 168 at 4. The Assignment Agreement does not specifically prohibit a transfer by merger. *See generally* Dkt. No. 83-6. Therefore, this argument from Hwang also fails. *See id.*; *see also TXO*, 999 S.W.2d at 143; *see also* Dkt. No. 168 at 4.

### C.    Conclusion

For the reasons set forth above, in addition to those cited in the Motion for Partial Judgment on the Pleadings, Hwang cannot plead a cause of action for breach of contract under either of the Royalty Agreement or the Assignment Agreement for improper transfer or license of the '602 Patent. Accordingly, Plastronics respectfully request the Court grant the Motion for Partial Judgment on the Pleadings and dismiss Hwang's counterclaims for breach of contract (Counts IV and V) in part, and grant all other relief to which Plastronics may be entitled.

Date:   March 18, 2019               Respectfully Submitted,

*/s/ Katarzyna Brozynski*
Katarzyna Brozynski
Texas State Bar No. 24036277
kbrozynski@spencerfane.com
Antonio S. Devora
Texas State Bar No. 24074133
adevora@spencerfane.com
Bart Dalton
Texas State Bar No. 24043418
bdalton@spencerfane.com
SPENCER FANE, LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 Telephone
(972) 324-0301 Fax

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 18, 2019, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

 */s/ Katarzyna Brozynski*
Katarzyna Brozynski
