**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. | § | |
| AND | § | |
| PLASTRONICS H-PIN, LTD. | § | |
| | § | Civil Action No. 2:18-cv-00014-JRG |
| Plaintiffs, | § | |
| | § | JURY TRIAL DEMANDED |
| vs. | § | |
| | § | |
| DONG WEON HWANG, AND | § | |
| HICON CO. LTD. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DEFER DISCOVERY AS TO
ATTORNEY FEES OR IN THE ALTERNATIVE
MOTION TO COMPEL PRODUCTION**

Defendants' Opposition to Plaintiffs' Motion to Defer Discovery or in the Alternative

Compel Production (Dkt. No. 194) (the "Opposition") misses the mark in three respects.  First, it

attempts to blur several instances where attorney fees may be a factual issue as being applicable

to a fee-shifting situation.  This, of course, is fundamentally unpersuasive because as pointed out

by the Plaintiffs' original motion, the requisite to obtaining fee shifting under TEX. CIV. PRAC. &

REM. CODE § 38.001(8) is to actually prevail in a suit on a contract.

Second, Defendants' opposition fails to achieve fundamental persuasiveness because it

urges the Court to substitute the analytical question at issue with another—the question is not *who*

(whether a jury or the Court) will decide the attorney fee issue, as much as *when* attorney's fees

should be considered.   As a practical matter, all fees that would be placed at issue under Section

38.001(8) cannot be considered by the jury who will determine general liability, as fees will accrue

leading up to, during, and immediately after trial.  Defendants do not address this.  Indeed, there

appears to be a tacit acknowledgement that any consideration of fees now will be piecemeal and incomplete.

Third, as to the alternative relief, Defendants ask the Court to allow them to benefit from a selective disclosure of work product. This is not allowable. Defendants made a voluntary strategic decision to disclose partially redacted statements—a choice with consequences. The law is clear that as they rely on their bills, and more importantly turned them over to a supposedly independent expert, they put at issue the content of those bills. It would be fundamentally unfair to require Plaintiffs to examine this expert without the actual materials that that expert reviewed to reach his ultimate opinion.

Plaintiffs' motion should be granted.

## I.      Defendants Fail to Provide Authority that Contradicts Plaintiffs' Argument

Defendants cite to three cases for the proposition that the jury should consider attorney fees at the same time as determining liability. However, each of these three cases is distinguishable, and none of the three appears to consider the actual procedure required by Texas state law in the recovery of fees under Section 38.

For instance, *Kondos v. Allstate* is cited for the proposition that the jury should hear attorney fees issue at the same time as liability is determined. However *Kondos* nowhere explicitly states *when* the attorney fee issue would be decided. No. CIV.A. 1:03-CV-1440, 2005 WL 1004720, at *16 -*19 (E.D. Tex. Apr. 25, 2005). If anything, *Kondos* should be read to support Plaintiffs' position, as it is remarkably clear that the Court noted that a party must prevail as a requisite to awarding fees. *Id.* at *16 ("Under Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees .... and the plaintiff has been awarded damages."). Defendants frankly admit that their next case, *City of Garland v. Dallas Morning News*, does not deal with Section 38.001—thus

it is not relevant or persuasive on this point.  *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex. 2000).  Finally, Defendants do not appear to accurately represent the posture of *Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 401 (5th Cir. 1989).  That case appears to be a suit by a law firm against a client for unpaid fees.  *Id.* at 399.  Thus, the reasonableness of fees in *Campbell* had to have been tried at the same time as liability, as the entire contract was over unpaid legal services.  This is not persuasive in the context of this case. Here, there is a clear delineation between the underlying contract at issue and the attorney fees that will be shifted in this case.

In contrast to Defendants' attempts to shoehorn these cases into its proposition that fees should be litigated now, Plaintiffs' cases actually stand for the proposition being asserted, most namely *Martin v. J.A.M. Distributing Company*, No. 1:08-CV-298, 2009 WL 10677609 (E.D. Tex. April 9, 2009).  *Martin* expressly states that "Attorneys' fee claims are generally resolved at the close of the case, after both liability and damages have been determined." *Id.*  (*citing Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 633 (S.D. Tex. 2007)).   Additionally, Defendants completely miss Rule 54(d)'s express statement that fees should be considered 14 days after entry of judgment.

## II.    Defendants Do Not Address the Procedure for Claiming Fees Under Sec. 38.001

Defendants' ignore the requisite procedure required to recover fees under Sec. 38.001.   In the very next section of the Code, the Texas Legislature set forth the procedure for collecting attorney fees due to a breach of contract:

> To recover attorney's fees under this chapter:
>
> > (1)      the claimant must be represented by an attorney;
> >
> > (2)      the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party;  and

(3)     payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

TEX. ANN. CODE § 38.002.

As an initial matter, no claim has actually been tendered to Plaintiff so far, but more importantly, no claim can be submitted until after *all* attorney fees are tallied after trial.   Section 38.002's use of the singular "claim" denotes the legislative intent that attorney fees should be addressed as one single claim, not addressed in parts as they accrue.   And the only way to address attorney fees as a single claim is to wait until after the prevailing party is known and all fees have been accounted.

## III.     Defendants Have Voluntarily Put at Issue the Content of Their Bills

Defendants attempt to evade the consequences of putting their billing records at issue by arguing that their voluntary submission of their records is not a waiver of work product protection. They cite no case for such a proposition, in no small part because no case exists.   Instead, as the Texas Supreme Court recently observed, in unmistakable language,  "[A]n opposing party may waive its work-product privilege [as to their billing records] through offensive use—perhaps *by relying on its billing records* to contest the reasonableness of opposing counsel's attorney fees *or to recover its own attorney fees*." (emphasis added) *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 807 (Tex. 2017), *reh'g denied* (Dec. 8, 2017).   That is exactly what Defendants have done here—they have selectively submitted portions of their bill for offensive use—to immediately prove up their fees.   They made a strategic choice in doing so; the court should not relieve them from the strategic consequences for their decision.

That Defendants are seeking to use their billing records as both a sword and shield is clear from their argument to the Court as to why the redacted portions should stay secret.  They argue in their opposition that "'[a]ll time entries related solely to unrecoverable fees have been entirely

4

redacted'" and that one example would be their now abandoned patent infringement claims against Plaintiff.  Opposition, at 6.  Of course, Plaintiffs are left to guess what other factors weighed in counsels' or their expert's decision to deem a given entry "unrecoverable."   It is highly probative and material to examine all of these redacted entries to see if there is logical consistency between Defendants' self-selected list of "recoverable" fees and the "unrecoverable" one.   And given that Defendants wish to present their bills with the imprimatur of an expert, Plaintiffs must be given the opportunity to cross-examine Mr. Harper with these records.

Additionally, Plaintiffs have valid concerns that there may be a comingling of fees incurred by Mr. Hwang, who is a party to the contract, and the other Defendants, who are not.  In apparent recognition that this is an issue, Defendants nonetheless hand-waive the concern with a conclusory assurance that the records "are sufficiently unredacted for Plastronics to properly asses [sic] each time entry." Opposition, at 7.   This is not a real argument.   The client name that an attorney files an invoice under is not dispositive of who actually incurred and benefited from a fee generating activity.  If it was, then in a situation like this, where some parties may fall within a fee shifting provision, and some do not, an unscrupulous party could "launder" unrecoverable fees through a qualified fee shifting party.   The surest check to prevent such a concern is a robust discovery process.  Accordingly, the billing records should be turned over.

## CONCLUSION

For these reasons, discovery into attorney fees should be deferred until after Court determines that a party has prevailed.  In the alternative, the Court should order Haynes and Boone, LLP to produce un-redacted copies of the attorney bills that their expert references in his report.

Dated: March 20, 2019

Respectfully Submitted,

*/s/ Katarzyna Brozynski*
Katarzyna Brozynski
Texas State Bar No. 24036277
kbrozynski@spencerfane.com
Antonio S. Devora
Texas State Bar No. 24074133
adevora@spencerfane.com
Bart Dalton
Texas State Bar No. 24043418
bdalton@spencerfane.com
SPENCER FANE, LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 Telephone
(972) 324-0301 Fax

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20, 2019, this document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Katarzyna Brozynski*
Katarzyna Brozynski