**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD., and PLASTRONICS H-PIN, LTD. | § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | Civil Action No. 2:18-cv-00014-JRG-RSP |
| DONG WEON HWANG, and HICON CO., LTD. | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § § | |

**DONG WEON HWANG'S SURREPLY ON PLASTRONICS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plastronics prefers this Court not consider Mr. Hwang's argument.  The reason for this is simple: Mr. Hwang's arguments on the merits are correct.  And while Plastronics repeats arguments from its Motion, it fails to rebut Mr. Hwang's responses.  Moreover, Mr. Hwang's arguments satisfy the plain error standard.  Because Mr. Hwang adequately pleads a breach of contract under the Assignment Agreement, the Court should deny Plastronics' Motion.

## A.    Mr. Hwang's arguments are not barred.

In its reply, Plastronics asserts this Court should not even consider Mr. Hwang's arguments.  But Mr. Hwang is not objecting to the Magistrate's Report and Recommendation that his patent infringement claims be dismissed.  This motion seeks dismissal of Mr. Hwang's breach of contract claim.  Nowhere did the Report and Recommendation consider whether Mr. Hwang's breach of contract claim under the Assignment Agreement should be dismissed.[1]  While Plastronics can argue that the Report and Recommendation applies to Mr. Hwang's breach of contract claim, the Court has not considered that issue.

Even if the Report and Recommendation is relevant to Plastronics' Motion, the Court retains discretion under Rule 54(b) to reconsider an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Here, the Court's Order adjudicated "fewer than all the claims or the rights and liabilities" of the parties, so its bearing on other issues

---

[1] *See* Dkt. No. 168.

1

is therefore subject to reconsideration.[2]  This reconsideration may be made "for any

reason [the Court] deems sufficient, even in the absence of new evidence or an

intervening change in or clarification of the substantive law."[3]  When exercising this

discretion, the Court should construe "procedural rules with a preference toward

resolving the case on the merits and avoiding any dismissal based on a

technicality."[4]  Thus, the Court can and should consider Mr. Hwang's arguments.

## B.      Mr. Hwang's allegations state a claim for breach of contract.

Conspicuously absent from Plastronics' reply is any effort to interpret the

plain meaning of the words in the Assignment Agreement.  The reason for this is

obvious: the common meaning of the word "transfer" plainly encompasses transfers

by operation of law.[5]  Because Texas courts "give words their plain, common, or

generally accepted meaning unless the contract shows that the parties used words

in a technical or different sense," this plain meaning controls.[6]  And under the

Agreement's plain meaning, the divisive merger was a breach of Plastronics

Socket's obligation to not transfer its patent interest without Mr. Hwang's consent.

Further, *TXO Production Co.* is distinguishable from this case.  *TXO* involved

sophisticated companies who together drafted a "series of contracts" and chose not

---

[2] *See* FED. R. CIV. P. 54(b).

[3] *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010).

[4] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017); *see also* FED. R. CIV. P. 1 (requiring the Rules to be "construed, administered, and employed by the court . . . to secure the *just*, speedy, and inexpensive determination of every action and proceeding" (emphasis added)).

[5] Transfer, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Cincom Sys., Inc. v. Novelis Corp.*, 581 F.3d 431, 438 (6th Cir. 2009) ("A transfer is no less a transfer because it takes place by operation of law rather than by a particular act of the parties.").

[6] *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 305 (Tex. 2015).

to specify "that the non-disclosure provision was implicated by a statutory merger."[7] This case involves one sophisticated business entity and a Korean individual with limited English skills and little understanding of Texas law.  Any ambiguity about what transactions are encompassed by the word "transfer," must be "construed most strictly against its author and in such a manner as to reach a reasonable result consistent with the apparent intent of the parties."[8]  This is especially true where— as here—the parties have "unequal bargaining power."[9]  *TXO*'s reasoning has much less force here, where the party who drafted the contract is now attempting to construe a key provision of a contract in a way that is contrary to its plain language and seeks to undermine the rights of the non-drafting party.[10]

Moreover, *TXO* did not involve patent rights, so if this Court considers it controlling authority, *TXO*'s application of Texas law is preempted by federal law. Plastronics does not address Mr. Hwang's preemption arguments, summarily stating that state law typically governs patent ownership.  Mr. Hwang agrees.  But where a state law undermines federal patent law's purposes of assuring a patent owner's right to exclude and creating national uniformity for intellectual property,

---

[7] *TXO Prod. Co. v. M.D. Mark, Inc.*, 999 S.W.2d 137, 138, 143 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)

[8] *Temple-Eastex Inc. v. Addison Bank*, 672 S.W.2d 793, 798 (Tex. 1984); *Republic Nat. Bank of Dallas v. Nw. Nat. Bank of Fort Worth*, 578 S.W.2d 109, 115 (Tex. 1978).

[9] *See Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987).

[10] *See Star Cellular Tel. Co., Inc. v. Baton Rouge CGSA, Inc., CIV. A. 12507*, 1993 WL 294847, at *9 (Del. Ch. Aug. 2, 1993), aff'd, 647 A.2d 382 (Del. 1994) (suggesting courts should presume intent to prohibit mergers even absent explicit language where a transfer creates "unreasonable risks for the [non-merging party]" and performance was "a material premise of the Agreement").

federalism requires that law to be set aside.[11]  Moreover, allowing *TXO* to control would "create a collateral set of rights available as an adjunct or expansion to patent rights," which well-established precedent forbids.[12]

Thus, under the Assignment Agreement's plain language, general contract-interpretation cannons, and federalism principles, Mr. Hwang stated a claim for breach of the Assignment Agreement.  This Court should deny Plastronics' Motion.

**C.   The Court's interpretation of the Agreement was plain error.**

Even if this Court finds Mr. Hwang's arguments should have been raised in objections to the Report and Recommendation—even though the 12(b)(6) and the 12(c) motions request different relief and implicate entirely different causes of action—Plastronics is incorrect that the arguments are waived.  Plain error review is still available even when a party does not object to a magistrate's report and recommendation.[13]  To satisfy the plain-error standard, Mr. Hwang must show that (1) there was error; (2) the error was clear and obvious; (3) the error affected his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[14] "Error is defined as a deviation from a legal rule in the absence of a valid legal waiver."[15]  "'Plain' is synonymous with

---

[11] *See Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 479 (1974).

[12] *Waner v. Ford Motor Co.*, 331 F.3d 851, 856 (Fed. Cir. 2003).

[13] *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1422 (5th Cir. 1996).

[14] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  "Because there is no meaningful difference between the 'affects substantial rights' and the 'fairness, integrity or public reputation of judicial proceedings' parts of the plain error standard," the fairness element is satisfied when an error affects a proceeding's outcome. *Douglass*, 79 F.3d at 1428.

[15] *Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1124 (5th Cir. 1997).

'clear' or, equivalently, 'obvious.'"[16]  An error affects substantial rights if it affects a proceeding's outcome.[17]

Here, the Court's failure to interpret the Assignment Agreement's plain meaning meets this standard.  As Mr. Hwang previously explained, "transfer" plainly encompasses transfers by operation of law.[18]  The Court's failure to apply this plain language was error.  Additionally, if there is any ambiguity about the word "transfer," Texas law requires the Court to strictly construe the Agreement against its author, here Plastronics Socket.[19]  It is especially appropriate to do so here, where any other construction would undermine the parties' express intent and would allow a sophisticated business to take advantage of Mr. Hwang.

The Court's error was also plain because each legal principle described above is well-established Texas law and the error affected Mr. Hwang's substantial rights. It already resulted in the dismissal of Mr. Hwang's patent claims and will result in an additional dismissal if Plastronics' Motion is granted.  This Court should correct its error to the extent its previous ruling has any bearing on Plastronics' Motion.

## D.    Conclusion.

Mr. Hwang's counterclaim for breach of contract is a proper cause of action and is sufficiently supported to survive a 12(c) motion.  Accordingly, the Court should deny Plastronics' motion.

---

[16] *Id.* at 1125.

[17] *Id.*

[18] Transfer, BLACK'S LAW DICTIONARY; *see also Cincom Sys., Inc.*, 581 F.3d at 438.

[19] *Temple-Eastex Inc.*, 672 S.W.2d at 798; *Republic Nat. Bank of Dallas*, 578 S.W.2d at 115.

Dated: March 25, 2019

Respectfully submitted,

*/s/ Stephanie N. Sivinski*
John R. Emerson
Texas Bar No. 24002053
russ.emerson@haynesboone.com
Stephanie N. Sivinski
Texas Bar No. 24075080
stephanie.sivinski@haynesboone.com
Jamie Raju
Texas Bar No. 24095717
jamie.raju@haynesboone.com

Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (telephone)
(214) 200-0615 (fax)

Samuel Lee
(Admitted *pro hac vice*)
samuellee@yulchon.com
Jay Hoon Byun
(Admitted *pro hac vice*)
jhbyun@yulchon.com

YulChon LLC
Parnas Tower, 38F, 521 Teheran-ro
Gangnam-gu, Seoul 06164
Republic of Korea
Tel +82-2-528-5200
Fax +82-2-528-5228

**ATTORNEYS FOR DEFENDANTS
DONG WEON HWANG, HICON CO.,
LTD., and HICON**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2019, I electronically transmitted the

attached document to counsel of record for Plastronics via the Court's ECF system.

*/s/ Stephanie N. Sivinski*
Stephanie N. Sivinski