IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD., AND PLASTRONICS H-PIN, LTD.<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DONG WEON HWANG, AND HICON CO., LTD.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　Civil Action No. 2:18-cv-00014-JRG-RSP<br>§<br>§　JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

**DONG WEON HWANG'S SUR-REPLY ON PLASTRONICS' OPPOSED MOTION TO DEFER DISCOVERY AS TO ATTORNEY FEES OR IN THE ALTERNATIVE MOTION TO COMPEL PRODUCTION**

Plastronics' motion to defer discovery as to attorney fees is illogical irrespective of whether attorneys' fees are to be determined by a jury or by this Court. If the issue is tried to the jury, postponing discovery until after trial is useless; if fees are presented to the court under Rule 54(d), there is no mechanism for discovery at all, let alone delayed discovery.

Plastronics' alternative motion to compel production is equally unfounded. Mr. Hwang provided the same billing records that his expert reviewed and does not seek to recover fees for any fully redacted entries. Further, Mr. Hwang is only seeking a percentage of the fees corresponding to the partially-redacted time entries. Accordingly, Plastronics' request for unredacted entries should also be denied.

### A. Regardless of when attorneys' fees are determined, Plastronics' motion to defer discovery as to attorneys' fees is illogical.

Whether attorneys' fees are determined by a jury or by the Court pursuant to Rule 54(d),[1] Plastronics' motion to defer discovery does not make sense. If attorneys' fees are to be determined by a jury, deferring discovery until after the close of trial is illogical—the fee award will already have been made. Alternatively, if attorneys' fees are to be determined after trial pursuant to Rule 54(d), deferring discovery is likewise illogical because Rule 54(d) provides no vehicle for discovery absent an agreement by the parties or the Court's intervention.

When dealing with a claim for attorneys' fees under state law, parties typically come to an agreement pre-trial regarding the Rule 54(d) process. Mr. Hwang will agree to present his evidence per Rule 54(d), but to date Plastronics has not proposed any such agreement. In order to preserve his ability to present evidence to either the jury or the Court, Mr. Hwang complied with the discovery deadlines in the governing Docket Control Order.[2] Specifically, Mr. Hwang timely disclosed his attorneys'-fees expert, Mr. Harper, and produced properly redacted billing records. As part of this disclosure, Mr. Hwang provided Mr. Harper's expert report, which was based on Mr. Harper's review of the properly redacted billing records. Plastronics chose not to disclose an attorneys'-fees expert.

---

[1] Fed. R. Civ. P. 54(d)(2)(A).
[2] Dkt. 161.

Because deferring discovery does not make sense under either possible scenario, Plastronics' motion to defer discovery as to attorneys' fees should be denied.

**B. Mr. Hwang has provided properly redacted billing records from which Plastronics can evaluate his claim for attorneys' fees and has not waived privilege.**

Mr. Hwang has provided properly redacted billing records and has not waived privilege with respect to the redacted portions of the time entries in the produced billing records. As previously discussed in Mr. Hwang's response to Plastronics' motion, the redactions fall into three categories: (1) time entries that have been fully redacted because they are irrelevant to Mr. Hwang's breach-of-contract claim; (2) time entries that have been partially redacted because the redacted portion is irrelevant to Mr. Hwang's breach-of-contract claim; and (3) time entries that have been partially redacted based on privilege.[3]

Mr. Hwang is not seeking to recover any attorneys' fees corresponding to the fully-redacted time entries and is only seeking a percentage of the fees corresponding to the partially-redacted time entries. Importantly, Mr. Harper did not review any unredacted billing records.[4] Contrary to Plastronics' assertion, Mr. Hwang is not "offensively using" the redacted portions of the billing records. In fact, Mr. Hwang is not "using" the redacted entries at all. Thus, while Mr. Hwang acknowledges that he has waived privilege with respect to the *unredacted* portions

---

[3] Dkt. 194 (Mr. Hwang's Response to Plastronics' Motion to Defer Discovery) at 5; *see* Dkt. 186-1 at 3, 5.
[4] Dkt. 186-1 at 2, 5

3

of the billing records, Mr. Hwang maintains that he has not waived privilege with respect to the redacted portions of these records.

Further, the time entries partially redacted based on privilege are still sufficiently unredacted to provide Plastronics with an understanding of the service(s) performed. As previously discussed in Mr. Hwang's response, this Court has recognized that redaction for privilege is appropriate so long as the redactions do not interfere with or make difficult assessment of the claim for attorney' fees.[5] Plastronics is only entitled to **_relevant_** and **_non-privileged_** information in Mr. Hwang's time entries—this is what has been provided.

**C.     Conclusion**

Plastronics' briefing creates confusion about how to present the issue of attorneys' fees to the court. But it does not explain how deferred discovery would make sense under either of the possible scenarios. Further, Plastronics requests additional information in Mr. Hwang's billing records that it is not entitled to have—information that (1) does not form the basis of Mr. Hwang's claims, (2) his expert did not rely upon, and (3) is privileged. Both of the requests in Plastronics' motion should be denied.

---

[5] *See My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221, at *6 (E.D. Tex. Dec. 19, 2017), appeal dismissed, 2018-1455, 2018 WL 3559236 (Fed. Cir. June 13, 2018).

Dated: March 27, 2019

Respectfully submitted,

*/s/ Jamie Raju*
John R. Emerson
Texas Bar No. 24002053
russ.emerson@haynesboone.com
Stephanie N. Sivinski
Texas Bar No. 24075080
stephanie.sivinski@haynesboone.com
Jamie Raju
Texas Bar No. 24095717
jamie.raju@haynesboone.com

Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (telephone)
(214) 200-0615 (fax)

Samuel Lee
(Admitted *pro hac vice*)
samuellee@yulchon.com
Jay Hoon Byun
(Admitted *pro hac vice*)
jhbyun@yulchon.com

YulChon LLC
Parnas Tower, 38F, 521 Teheran-ro
Gangnam-gu, Seoul 06164
Republic of Korea
Tel +82-2-528-5200
Fax +82-2-528-5228

**ATTORNEYS FOR DEFENDANTS DONG WEON HWANG, HICON CO., LTD., and HICON**

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2019, I electronically transmitted the attached document to counsel of record for Plaintiff via the Court's ECF system.

*/s/ Jamie Raju*