**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. AND PLASTRONICS H-PIN, LTD.<br><br>Plaintiffs,<br><br>vs.<br><br>DONG WEON HWANG, AND HICON CO. LTD.<br><br>Defendants. | §<br>§<br>§<br>§ Civil Action No. 2:18-cv-00014-JRG<br>§<br>§ JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPLY IN SUPPORT OF PLAINTIFFS' EMERGENCY OPPOSED MOTION TO STRIKE DEFENDANT HICON CO., LTD. AND DEFENDANT HICON COMPANY'S OUT OF TIME ANSWER, TO AWARD COSTS, AND FOR OTHER RELIEF**

Although Defendants HiCon Co. Ltd. and HiCon Co. (collectively "HiCon" or "Defendants") would like to sweep their out-of-time Answer under the rug, their opposition fails to fulfill their obligations to the Court under Rule 6(b). The standard under the rule requires "excusable neglect" and while HiCon has demonstrated there was "neglect," Defendants do not explain why it is "excusable." Plaintiffs file this reply to make four points.

1. **Defendants, who have the burden under Fed. R. Civ. P. 6, have failed to show entitlement to their requested relief.**

First, Defendants want to improperly shift the burden of their untimely filing away from themselves and onto Plaintiffs. Defendants claim Plaintiffs have failed to "prove" many things—that there was not "excusable neglect" on the part of Defendants or that Plaintiffs are entitled to a motion to strike. But this is not the standard under the Federal Rules. A party who seeks to file out of time, not the innocent party, bears the burden of showing its entitlement to relief under Rule 6(b).

1

Entirely missing from their brief is why Defendants, with knowledge they were out of time, filed their answer without seeking leave. The answer may be so Defendants could try to shift the burden of their conduct away from themselves. The Court certainly may infer that Defendants' intentional failure to seek leave under Rule 6(b) and refusal to take any meet and confer steps before filing their answer precludes any finding of "good faith" on their part as required under Rule 6(b).

2.  **The case law Defendants cite does not permit Defendants to file untimely answers beyond the discovery and dispositive motions deadlines.**

Second, Defendants citations to *Quintel Tech. Ltd. v. Huawei Techs., Inc.,* No. 4:15CV307, 2017 WL 3712351 (E.D. Tex. July 14, 2017*)* and *Parker v. Bill Melton Trucking Inc.*, No. 3:15-CV-2528-G, 2016 WL 1750643, (N.D. Tex. May 3, 2016), for the proposition that courts have allowed out-of-time answers that have been months late, are inapposite. Both cases are procedurally distinct, as the parties in the cited cases actually sought leave under Rule 6(b) rather than simply ignoring the Rules, filing their answers out of time, and hoping to avoid a motion to strike. But beyond that, Defendants' analysis of these two cases is incomplete. In both *Quintel* and *Parker,* the out of time parties filed their answers while discovery was ongoing. Indeed, *Parker* specifically pointed this out, noting that the "[p]laintiff still has sufficient time to conduct further discovery." *Parker*, 2016 WL 1750643 at *2. Thus, the real inquiry is not how many days have elapsed,[1] but where in the procedural schedule the filing occurred. Neither *Quintel* nor *Parker* deal with a situation where an answer is filed after the deadline for dispositive motions

3.  **The unfair prejudice Defendants' misconduct causes Plaintiffs is real; as a result of Defendants' actions, Plaintiffs are disabled from exploring the affirmative defenses through discovery or seeking summary adjudication.**

---

[1] Plaintiffs disagree that Defendants were *only* six days late—the 12(b)(2) motion was adopted by the district court on February 7, 2019, making the answer 41 days late.

Third, Defendants try to explain away the prejudice of their amended affirmative defenses by claiming those defenses have always been present, given Defendant Hwang's answer. But this explanation misses the point. The affirmative defenses are different, and there is now no way to explore through discovery or dispositive motions the content and evidentiary support for those defenses. Instead, there is only argument in the record. Defendants' argument that none of the pending arguments in Plaintiffs' summary judgment motions would be affected by its new answer is facile and false—the summary judgment motions were made *without* the answer being present, so it naturally follows that the arguments cannot address any issues in it.

Beyond that, the arguments are actually affected by the late filing. As now shown in the dispositive motions briefing, Defendants claim that HiCon Co. is actually Hwang's sole proprietorship and thus they are one in the same. While Plaintiffs are prepared to rebut that point, HiCon Co.'s untimely answer has injected into this case far more questions for Plaintiffs. For example, one would expect that if Hwang and HiCon Co. are the same, their answers to the amended petition should be the same—yet they are not. Hwang claimed in his answer that he need not answer Counts I, IV, VII, yet HiCon Co., his alleged alter ego, now answers those counts, but defers answering Counts II, III, V, and VI as it pertains to "Hwang." (Dkt 84, ¶¶ 61-80, 120-125, 139-164; Dkt. 212, ¶¶ 81-119, 126-138). This was only revealed when the untimely answer was filed. Due to the posture of the case, Plaintiffs cannot confront Hwang with these inconsistencies before trial and thus will not be able to fully utilize them in dipositive motions.

**4.      Defendants flouting of the Rules here is of a piece with their flouting of the Rules throughout this litigation.**

Finally, Defendants never address Plaintiffs' citation to their previous conduct throughout discovery and up until now. The Court should determine a party's good faith and diligence based on the party's track record in the case. Defendants have had to be called into court on multiple

occasions to adhere to the procedural schedule and participate in discovery. Even now with this briefing, it fell on Plaintiffs, yet again, to point out that Defendants have failed to keep deadlines and otherwise to respect the procedural schedule. There should be consequences for that.

The parties should be responding to dispositive motions and *Daubert* motions, not addressing Defendants' tardy pleadings. Plaintiffs' Emergency Motion to Strike should be granted.

Dated: April 10, 2019

Respectfully Submitted,

*/s/ Katarzyna Brozynski*
Katarzyna Brozynski
Texas State Bar No. 24036277
kbrozynski@spencerfane.com
Antonio S. Devora
Texas State Bar No. 24074133
adevora@spencerfane.com
Bart Dalton
Texas State Bar No. 24043418
bdalton@spencerfane.com
SPENCER FANE, LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 Telephone
(972) 324-0301 Fax

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 10, 2019, this document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

                                              */s/ Katarzyna Brozynski*
                                              Katarzyna Brozynski