IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD., and PLASTRONICS H-PIN, LTD.<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DONG WEON HWANG, and HICON CO., LTD.<br><br>　　　　Defendants. | Civil Action No. 2:18-cv-00014-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**HICON CO., LTD.'S AND HICON'S SURREPLY TO PLASTRONICS' MOTION TO STRIKE ANSWER AND MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER**

Plastronics' Reply does not explain why the drastic remedy of striking HiCon Co., Ltd. and HiCon's (collectively, "HiCon") Answer—thereby placing HiCon in default even after actively litigating this case for over a year—is appropriate. Nor does Plastronics analyze the four factors courts use to evaluate excusable neglect. But even if it did, Plastronics cannot show why any alleged prejudice it has suffered outweighs a death-penalty sanction against HiCon if its Answer is stricken. HiCon should have previously sought leave for an extension under Rule 6(b)(2); it has now done so. HiCon respectfully submits that the Court should deny Plastronics' Motion.

### A. Plastronics' burden-shifting argument is irrelevant to the question of whether HiCon has demonstrated excusable neglect.

Plastronics first argues that HiCon improperly shifted the burden by filing its

1

Answer as soon as it realized it was late instead of first seeking leave under Rule 6(b)(2). Plastronics is mistaken. As the party seeking the "drastic" remedy of striking a pleading, Plastronics bears the burden of proving its Motion has merit.[1] HiCon does not deny it has the burden of proving excusable neglect under Rule 6(b)(2), which is why most of its Response addressed the applicable factors and explained why HiCon satisfies them. HiCon has carried its burden to show leave to file its Answer is warranted.

### B. Plastronics mischaracterizes the cases cited by HiCon.

Plastronics next argues this case is distinguishable from *Quintel* and *Parker* because the answers in those cases were filed while discovery was ongoing. This ignores an important fact: fact discovery had been closed for almost two months by HiCon's Answer deadline.[2] So even if HiCon had filed its Answer on time, Plastronics would not have had the benefit of additional fact discovery.

Further, neither of these cases suggest that the Court should focus on when in the procedural schedule a responsive pleading is filed. Indeed, the *Quintel* court acknowledged a court's discretion to cure any prejudice related to discovery by extending discovery deadlines to allow discovery on any newly-raised issue.[3] Here, Plastronics does not request any additional discovery, for HiCon's Answer does not

---

[1] *Mosser v. Aetna Life Ins. Co.*, 4:15-CV-00430, 2018 WL 3301808, at *2 (E.D. Tex. Mar. 9, 2018), report and recommendation adopted, 4:15-CV-00430, 2018 WL 1517032 (E.D. Tex. Mar. 28, 2018).

[2] Dkt. 161 at 3 (ordering fact discovery close on February 4).

[3] *Quintel Tech. Ltd. v. Huawei Techs., Inc.*, 4:15-CV-307, 2017 WL 3712351, at *5 (E.D. Tex. July 14, 2017).

raise any new issues. But even if it did, the Court can reopen discovery if necessary to cure any prejudice to Plastronics. Further, *Parker*[4] stands for the exact opposite of what Plastronics suggests. There, the court held that any discovery prejudice to the plaintiff did not outweigh the prejudice of putting the defendant in default.[5] Plastronics' focus on discovery when performing a Rule 6(b)(2) analysis is misplaced and unsupported by case law.

### C. Plastronics has not demonstrated any actual prejudice.

Instead of engaging the arguments HiCon raises in its Response, Plastronics makes conclusory statements about how it was prejudiced by the late filing. These arguments have no merit for the reasons stated in HiCon's Response.[6] Indeed, discovery closed before HiCon's Answer was due, so even if HiCon had filed its Answer on time, Plastronics' alleged prejudice would still exist.[7] In any event, this Court has discretion to cure any actual prejudice Plastronics has suffered, so its complaints bear little weight, especially considering the far-greater prejudice HiCon will suffer if put in default.[8]

---

[4] Plastronics cites no other authority to support its arguments.

[5] *Parker v. Bill Melton Trucking Inc.*, 3:15-CV-2528-G, 2016 WL 1750643, at *2 (N.D. Tex. May 3, 2016).

[6] *See* Dkt. 215 at 3–7.

[7] Plastronics' suggestion that the deadline for filing HiCon's answer was February 21, 2019 is incorrect. Federal Rule of Civil Procedure 12(a)(4) tolls the deadline for pleadings until a court has acted on all Rule 12 motions on file. Thus, HiCon's deadline to answer was tolled until the Court adopted the Magistrate's recommendations for HiCon's 12(b)(6) motion on March 14, 2019.

[8] *See Quintel Tech. Ltd.*, 2017 WL 3712351, at *5; *Parker*, 2016 WL 1750643, at *2.

### D. Plastronics has not shown bad faith.

HiCon has acted in good faith throughout this litigation, which it has been actively defending for over a year. Neither the parties' discovery disputes nor a missed deadline because of counsel's oversight constitute evidence of bad faith.[9]

### E. Conclusion

HiCon acknowledges that it should have filed its Answer six days earlier than it did, and it should have sought leave of court to file at that time. But the Answer added no new issues to the case. Plastronics has not shown—and cannot show—any bad faith or actual prejudice from the six-day delay arising from counsel's oversight. Therefore, HiCon respectfully requests that the Court deny Plastronics' Motion to Strike and allow HiCon to file its Answer.

---

[9] See *Quintel Tech. Ltd.*, 2017 WL 3712351, at *4.

Dated: April 16, 2019

Respectfully submitted,

 /s/ Stephanie N. Sivinski
John R. Emerson
Texas Bar No. 24002053
russ.emerson@haynesboone.com
Stephanie N. Sivinski
Texas Bar No. 24075080
stephanie.sivinski@haynesboone.com
Jamie Raju
Texas Bar No. 24095717
jamie.raju@haynesboone.com

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (telephone)
(214) 200-0615 (fax)

**ATTORNEYS FOR DEFENDANTS DONG WEON HWANG, HICON CO., LTD., and HICON**

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019, I electronically transmitted the attached document to counsel of record for Plaintiff via the Court's ECF system.

 /s/ Stephanie N. Sivinski
Stephanie N. Sivinski