## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. AND PLASTRONICS H-PIN, LTD., | § § § § | |
| Plaintiffs, | § § | Case No. 2:18-CV-00014-JRG-RSP |
| v. | § § § | |
| DONG WEON HWANG, HICON CO., LTD., AND HICON COMPANY. | § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

This case involves claims and counterclaims for patent infringement and breach of contract between Plaintiffs Plastronics Socket Partners, Ltd. ("Plastronics Socket") and Plastronics H-Pin, Ltd. ("Plastronics H-Pin") (collectively "Plaintiffs") and Defendants Dong Weon Hwang ("Mr. Hwang"), HiCon Company, and HiCon Co., Ltd. (collectively "Defendants"). Presently before the Court is Plaintiffs' Second Motion for Summary Judgment. (Dkt. No. 206.) This Motion seeks summary judgment on fifteen different issues. (*Id*. at 2–3.) Most of the issues listed are no longer being argued in this case or have already been disposed of. (*See* Dkt. No. 234 at 2–3.) Of the fifteen issues listed within the "statement of issues to be decided by the Court" section of Plaintiffs' Motion, only three of the disputes remain pending: (4) whether Plastronics Socket may be liable for its alleged breach of the Assignment Agreement by not providing accounting to Hwang as prescribed by the Assignment and Agreement from on or about September 21, 2005 to the present;

(12) whether the statute of limitations precludes any portion of the damages claimed by Defendants; and (13) whether Hwang indicated by unconditional words or actions that he will not perform his contractual obligations under the Royalty Agreement or the Assignment Agreement. (Dkt. No. 234 at 3 (while Defendants stated that issue 3 and issue 6 are also still in contention, the Court has recently decided issue 3 in Dkt. No. 280 and issue 6 in Dkt. No. 295).)

The Court resolves issues 4 and 12 together and recommends that summary judgment be **GRANTED-IN-PART** for those issues: (1) all breach of contract claims against Plastronics Socket are barred by the statute of limitations, making summary judgment appropriate; (2) all breach of contract claims for failure to pay royalties and for failure to provide an accounting against Plastronics H-Pin before January 19, 2014 are barred by the statute of limitations, making summary judgment appropriate.  However, summary judgment is inappropriate for such claims from January 19, 2014 to the present. As to issue 13, the Court recommends that summary judgment be **DENIED**.

## I.      APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.    ANALYSIS

The Court will largely address the issues as they are presented in Plaintiffs' "Statement of Issues to be Decided by the Court." (Dkt. No. 206 at 2–3.) However, the Court groups the issues together where they significantly overlap.

### a.  Issue 1: Whether Plastronics Socket breached the Royalty Agreement by licensing the invention of the '602 Patent

Mr. Hwang has already indicated that he will not pursue a claim that Plastronics Socket breached the Royalty Agreement by licensing the '602 Patent to Plastronics H-Pin. (Dkt. No. 234 at 2 (citing Dkt. No. 191 at 2–3).) The Court therefore recommends that Plastronics Socket's Motion be **GRANTED** on this issue.[1]

### b.  Issue 2: whether Hwang is entitled to "lost revenue" as a result of any breach of the Royalty Agreement by Plastronics Socket and/or Plastronics H-Pin

### c.  Issue 5: whether Hwang is entitled to "lost revenue" as a result of any breach of the Assignment Agreement by Plastronics Socket and/or Plastronics H-Pin

### d.  Issue 10: Whether Hwang is entitled to attorneys' fees under Chapter 37 of the Texas Civil Practice and Remedies Code

Hwang alleged that "Plastronics Socket's, Plastronics H-Pin's, or both parties' breaches have caused injury to Mr. Hwang due to lost revenue, lost royalties, and related costs and expenses." (Dkt. No. 84 at ¶ 314.) Mr. Hwang asserts that he "has already stated that he is not pursuing lost revenue, lost profits, or attorneys' fees under Chapter 37 of the Texas Civil Practice and Remedies Code." (Dkt. No. 234 at 2 (citing Dkt. No. 206-8; Dkt.

---

[1] Hwang did not bring any claim against Plastronics H-Pin for breach of the royalty agreement due to improper licensing (*see* Dkt. No. 84 at ¶¶ 297–306), so this issue is directed solely to Plastronics Socket.

No. 221 at 9).) The Court therefore recommends that Plaintiffs' Motion be **GRANTED** on issues 2, 5, and 10.

> **e. Issue 3: whether Plastronics Socket may be liable for its alleged breach of the Assignment Agreement by transferring its interest in the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Hwang's written consent**

The Court already resolved this issue in its June 11, 2019 Report and Recommendation resolving the Motion for Partial Judgment on the Pleadings. (Dkt. No. 280 at 3–10). Because this issue has already been resolved by the Court, the Motion should be **DENIED-AS-MOOT** with respect to this issue.

> **f. Issue 4: whether Plastronics Socket may be liable for its alleged breach of the Assignment Agreement by not providing an accounting to Hwang as prescribed by the Assignment and Agreement from on or about September 21, 2005 to the present**
>
> **g. Issue 12: Whether the statute of limitations precludes any portion of the damages claimed by Defendants**

These issues overlap significantly, so the Court will address them together. The Court concludes that the statute of limitations precludes at least some portions of the claims by Defendants and therefore recommends that the Motion be **GRANTED-IN-PART** with respect to this issue. The Court recommends that summary judgment be **GRANTED** for (1) all breach of contract counterclaims against Plastronics Socket and (2) for breach of contract claims against Plastronics H-Pin for failure to provide an accounting and failure to pay royalties before January 19, 2014. The Court recommends that summary judgment

be **DENIED** for breach of contract claims against Plastronics H-Pin for failure to provide an accounting and failure to pay royalties from January 19, 2014 to the present.

Plastronics Socket asserts that any counterclaim for breach of contract against it is barred in whole by the four-year statute of limitations because Plastronics Socket was not a party to either contract during the four-year statute of limitations period. (Dkt. No. 206 at 11.) Defendant Hwang agrees. (*See* Dkt. No. 234 at 4 ("[I]f the statute of limitations bars Plastronics claims, Mr. Hwang agrees that the statute of limitations should bar his breach claim against Plastronics Socket.").) Thus, summary judgment should be **GRANTED** with respect to claims against Plastronics Socket for breach of contract as those claims are barred by the statute of limitations.

With respect to counterclaims against Plastronics H-Pin for breach of contract for failure to pay royalties, the Court recommends that summary judgment be **GRANTED-IN-PART**. Plastronics H-Pin has been a party to the Assignment Agreement and Royalty Agreement since the divisive merger. (Dkt. No. 168 at 5.) The Court previously concluded that Plastronics was entitled to royalty payments that were owed within four years of the commencement of the lawsuit but that the statute of limitations bars all claims for royalties that were owed over four years before the commencement of the lawsuit. (Dkt. No. 281 at 5–6.) The Court reaches a similar conclusion with respect to Hwang's claims that Plastronics H-Pin owes him royalties. Thus, summary judgment should be **GRANTED** for breach of contract counterclaims for failure to pay royalties against Plastronics H-Pin before January 19, 2014, but summary judgment should be **DENIED** for these claims from January 19, 2014 to the present.

With respect to counterclaims against Plastronics H-Pin for breach of contract for failure to provide an accounting, the Court recommends that summary judgment be **GRANTED-IN-PART**. Hwang claims that Plastronics H-Pin breached the Assignment Agreement by failing to provide accounting from December 31, 2012 to the present. (Dkt. No. 84 at ¶ 314.) Plastronics H-Pin asserts that the statute of limitations bars recovery for any breach of contract claims for failure to provide an accounting. (Dkt. No. 206 at 21–23.) The Court already applied the statute of limitations previously in this case, concluding that Defendants could only bring counterclaims for unpaid royalties for the four years preceding the commencement of the lawsuit. (Dkt. No. 281 at 5–6.) Similar to the breach of contract claims for failure to provide an accounting, to the extent the alleged breach occurred within four years before the commencement of this lawsuit (January 19, 2014[2]), then that claim for breach is not barred by the statute of limitations. However, if the alleged breach occurred over four years before the commencement of this lawsuit, then that claim for breach is barred by the statute of limitations.

Here, Hwang sent a letter on November 11, 2017 requesting "an accounting of all sales of products practicing the '602 Patent. (Dkt. No. 245-5 ("Mr. Hwang is willing to provide Plastronics thirty (30) calendar days from receipt of this letter to cure this breach by providing (i) an accounting of all sales of products practicing the '602 Patent, including the H-pin and any related products or improvements thereof, from 2005.09.21 – 2017.11.01

---

[2] The statute of limitations should be measured from the filing of the complaint rather than the filing of any counterclaims in this case. Tex. Civ. Prac. & Rem. Code Ann. § 16.069 ("If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.").

and (ii) payment of the accumulated back royalties plus interest"). Because Hwang sent this letter and because it appears that Plastronics H-Pin never provided an accounting, this may evidence a breach within the limitations period. Accordingly, the Court recommends that summary judgment be **DENIED** with respect to any requests for an accounting on or after January 19, 2014, but the Court recommends that summary judgment be **GRANTED** for any such requests before January 19, 2014.

With respect to issue 4 specifically, Plaintiffs also state that they "are entitled to summary judgment that Hwang is not entitled to any royalties or accounting due to any alleged improper licensing or transferring of the '602 Patent." (Dkt. No. 206 at 19.) The Court has already concluded in its June 11, 2019 Report and Recommendation that Plastronics Socket has not improperly transferred or improperly licensed the '602 Patent. (Dkt. No. 280.) Based on this conclusion, Plaintiff asserts that *all* of Defendants' counterclaims for breach of the Royalty and Assignment Agreements fail, including whether any royalty or accounting are required. (Dkt. No. 206 at 19.) However, even though the Court determined that Plastronics Socket did not breach the agreements by the transfer or license to the '602 Patent to Plastronics H-Pin, this does not conclusively show that Plastronics H-Pin did not breach the Assignment Agreement by failing to provide an accounting. Further, the determination does not conclusively show that Plastronics H-Pin did not breach the Royalty Agreement by failing to pay royalties. Accordingly, the Court finds this argument unpersuasive.

    **h.  Issue 6: whether the Royalty Agreement and the Assignment Agreement are enforceable contracts**

The Court notes that Plaintiffs seek summary judgment on this issue in their First Motion for Summary Judgment. (Dkt. No. 204 at 8–11.) However, the Court already denied Plaintiff's First Motion for Summary Judgment with respect to this argument. (Dkt. No. 295.) Accordingly, the Court denies it here as well.

Plaintiffs also make arguments regarding Defendants' fraudulent inducement affirmative defense. (Dkt. No. 203 at 13–15.) However, these arguments are duplicative of their arguments in Plaintiffs' First Motion for Summary Judgment. (Dkt. No. 204 at 14–16.) The Court ruled on Plaintiff's First Motion for Summary Judgment, denying Plaintiffs' Motion with respect to the fraudulent inducement affirmative defense. (Dkt. No. 295 at 3–6.) Accordingly, the Court **DENIES** those arguments here.

    **i.  Issue 7: Whether Plastronics Socket or Mr. David Pfaff, on behalf of Plastronics Socket, made promises to Hwang about Hwang's invention disclosed in the '602 Patent, the current and future relationship between Hwang and Plastronics, the nature and intent of the Royalty Agreement, and the nature and intent of the Assignment Agreement**

    **j.  Issue 8: Whether Mr. Pfaff made promises in taking certain actions, including assigning partial rights to the '602 Patent, European Patent EP1797619, Japanese Patent JP4620737, Chinese Patent CN101156282, and other related applications and patents to Plastronics Socket**

    **k.  Issue 9: Whether Hwang is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)**

Hwang originally brought counterclaims for promissory estoppel and unjust enrichment. (Dkt. No. 84 at 317–28.) Hwang indicates that he no longer intends to pursue his unjust enrichment and promissory estoppel counterclaims. (Dkt. No. 234 at 3.)

Accordingly, Hwang states that he does not oppose summary judgment on these issues. (*Id.*) The Court therefore recommends that Plaintiffs' Motion be **GRANTED** on issues 7 and 8. Furthermore, Hwang indicates that because he no longer intends to pursue his unjust enrichment and promissory estoppel counterclaims, exemplary damages would not be appropriate. (*Id.*) The Court therefore recommends that Plaintiffs' Motion be **GRANTED** on issue 9.

### l.  Issue 11: Whether Hwang and/or HiCon Ltd. are entitled to attorneys' fees under 35 U.S.C. § 285

### m.  Issues 14 and 15: Whether Plastronics H-Pin or Plastronics Socket infringed the '602 Patent or the '015 Patent

Mr. Hwang acknowledges that issues 14 and 15 have already been addressed as the Court has already dismissed Mr. Hwang's counterclaims for patent infringement of the '602 Patent[3] and the '015 Patent.[4] Because the Court has previously addressed these issues, the Court recommends that the Motion be **DENIED-AS-MOOT** with respect to issues 14 and 15. Because Hwang's patent infringement claims have already been dismissed, Hwang may not be a prevailing party under § 285, so he may not obtain attorneys' fees through that section. The Court therefore recommends that Plaintiffs' Motion be **GRANTED** on issue 11.

### n.  Issue 13: Whether Hwang indicated by unconditional words or actions that he will not perform his contractual obligations under the Royalty Agreement or the Assignment Agreement

---

[3] (Dkt. Nos. 168; Dkt. No. 183; Dkt. No. 234 at 2 n.1.)
[4] (Dkt. No. 144; Dkt. No. 234 at 2 n.1.)

"To constitute a repudiation, a party to a contract must have absolutely and unconditionally refused to perform the contract without just excuse." *El Paso Prod. Co. v. Valence Operating Co.*, 112 S.W.3d 616, 621 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)); *Poe v. Hutchins*, 737 S.W.2d 574, 578 (Tex. App.—Dallas 1987, writ ref'd). Repudiation is an affirmative defense, so the party asserting repudiation has the burden of proof on that issue. *Med. Imaging Sols. Grp., Inc. of Texas v. Westlake Surgical, LP*, 554 S.W.3d 152, 159 (Tex. App.—San Antonio 2018, no pet.)

Plaintiffs contend that "Hwang, without just excuse, indicated by unconditional words or actions that he has not performed his contractual obligations under the Royalty Agreement or the Assignment Agreement." (Dkt. No. 206 at 23.) Plaintiffs claims appear to be based on Hwang's answer and statements made at deposition. Hwang has admitted that he has not paid royalties under the Royalty Agreement and that he has not provided any accounting to Plaintiffs. (*Id.* (citing Dkt. No. 65, ¶ 60 ("Neither Plastronics Socket nor Plastronics H-Pin has received any accounting or royalty payment from Hwang as of the filing date of the Original Complaint"); Dkt. No. 84 at 11, ¶ 60 ("Admitted")); Dkt. No. 276 at 57 (stipulating that "[n]either Plastronics Socket nor Plastronics H-Pin has received a royalty payment from Mr. Hwang as of the filing date of the Original Complaint").) Hwang has also stated that "royalties should not be paid" at deposition: "But David did not give me the consent, and I established my sole proprietorship, that is equal to myself, so licensing is not needed. And as a result, royalties should not be paid." (Dkt. No. 206-1 at 26:18–21.)

The Court concludes that Hwang did not repudiate the Royalty Agreement by failing to pay royalties as he acted with "just excuse." Hwang contends that the Royalty Agreement's terms do not require that he pay royalties for HiCon Company's or HiCon Co., Ltd.'s sales. (Dkt. No. 234 at 1.) The Court recently entered a Report and Recommendation concluding that Hwang was not required to pay any royalties under the terms of the Royalty Agreement. (Dkt. No. 287 at 15–17.) Because of this conclusion, it follows that Hwang was acting with "just excuse" with respect to the Royalty Agreement, making it inappropriate to grant Plaintiffs' Motion on this issue.

With respect to the Assignment Agreement, Hwang concedes that he has not provided an accounting, but he asserts that he was excused from doing so due to Plastronics' own prior material breach in not providing an accounting. (Dkt. No. 234 at 1.) Whether any breach constitutes a material breach is a question of fact that the jury should resolve. *See Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017) ("Like other issues of fact, materiality may be decided as a matter of law only if reasonable jurors could reach only one verdict."). "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Id.* (citing *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004)). Accordingly, fact issues remain on this issue with respect to the Assignment Agreement. Thus, Plaintiff's Motion should be **DENIED** on this issue.

## III.    CONCLUSION

The Court therefore recommends that summary judgment be **GRANTED** for issues 1, 2, 5, 7, 8, 9 10, and 11. The Court recommends that summary judgment be **DENIED** for issues 3, 6, 13, 14, and 15. The Court recommends that the Motion be **GRANTED-IN-PART** with respect to issues 4 and 12—all claims for royalties or for accounting prior to January 19, 2014 are barred under the statute of limitations, but the statute of limitations does not bar any such claims for January 19, 2014 and later.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by not later than July 1, 2019** bars that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 25th day of June, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE