# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. ET AL, | § § § | |
| Plaintiffs, | § § | Case No. 2:18-CV-00014-JRG-RSP |
| v. | § § | |
| DONG WEON HWANG ET AL, | § § | |
| Defendants. | § § | |

## ORDER

This case involves patent infringement claims and various breach of contract claims and counterclaims between Plaintiffs Plastronics Socket Partners, Ltd. ("Plastronics Socket") and Plastronics H-Pin, Ltd. ("Plastronics H-Pin") as well as Defendants Dong Weon Hwang, HiCon Co., Ltd. ("HiCon Limited"), and HiCon Company. Before the Court are (1) Defendants' Objection (Dkt. No. 247) to the Order (Dkt. No. 223); (2) the Report and Recommendation (Dkt. No. 280), which was not objected to; (3) Defendants' Objections (Dkt. No. 297) to the Report and Recommendation (Dkt. No. 281); (4) Defendants' Objection (Dkt. No. 301) to the Magistrate Judge's Order (Dkt. No. 282); (5) Plaintiffs' Objection (Dkt. No. 308) to the Report and Recommendation (Dkt. No. 287); and (6) Defendants' Objection (Dkt. No. 307) to Report and Recommendation (Dkt. No. 300). The Court will address each of these filings below.

I. **OBJECTION (DKT. NO. 247) TO ORDER (DKT. NO. 223)**

Defendants filed an Objection (Dkt. No. 247) to the Order (Dkt. No. 223) on Plaintiffs' Motion to Strike (Dkt. No. 213). Defendants' Objection was directed to ensuring that Defendants were permitted to argue that HiCon Company is indistinguishable from Defendant Hwang as a defense. The Magistrate Judge subsequently entered an Order clarifying this issue, stating that Defendants' argument that HiCon Company and Hwang are indistinguishable may still be used as a defense. (Dkt. No. 265.) Furthermore, this defense played a key role in the June 17, 2019 Report and Recommendation. (Dkt. No. 287 at 7–9.)

In light of the Order clarifying this issue and the Magistrate Judge's subsequent reliance on this defense in its reasoning in the June 17, 2019 Report and Recommendation, all concerns raised by Defendants in their Objections (Dkt. No. 247) have been addressed. The Court therefore **OVERRULES** Defendants' Objections as they are now moot, and the Court **ADOPTS** the Order (Dkt. No. 223) as clarified by the subsequent Order (Dkt. No. 265).

## II.    REPORT AND RECOMMENDATION (DKT. NO. 280)

In the June 11, 2019 Report and Recommendation, Judge Payne recommended that Plaintiffs' Motion for Judgment on the Pleadings (Dkt. No. 180) be granted with respect to Defendant Hwang's claims that (1) "Plastronics Socket breached the Royalty Agreement by licensing the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Mr. Hwang's consent" and (2) Plastronics Socket breached the Assignment and Agreement "by transferring its interest in

the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Mr. Hwang's written consent." (Dkt. No. 280 at 9.)

No objections were filed to this Report and Recommendation. For the reasons stated in the Report and Recommendation and because no objections have been filed, the Recommendation is **ADOPTED**. It is therefore **ORDERED** that Plaintiffs' Motion is **GRANTED** with respect to Defendant Dong Weon Hwang's claims that (1) "Plastronics Socket breached the Royalty Agreement by licensing the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Mr. Hwang's consent" and (2) Plastronics Socket breached the Assignment and Agreement "by transferring its interest in the invention of the '602 Patent to Plastronics H-Pin from on or around December 31, 2012 to the present without obtaining Mr. Hwang's written consent."

### III. OBJECTION (DKT. NO. 297) TO REPORT AND RECOMMENDATION (DKT. NO. 281)

Defendants filed an Objection (Dkt. No. 297) to the Magistrate Judge's Report and Recommendation (Dkt. No. 281) on Defendants' Motion for Summary Judgment Regarding the Statute of Limitations and Damages (Dkt. No. 201). After consideration of the underlying briefing, the Report and Recommendation, and the arguments raised by Defendants in their Objection, the Court agrees with the reasoning provided within the Report and Recommendation. The Court therefore **OVERRULES** the Defendants' Objection and **ADOPTS** the Report and Recommendation.

## IV. OBJECTION (DKT. NO. 301) TO ORDER (DKT. NO. 282)

Defendants filed an Objection (Dkt. No. 301) to the Magistrate Judge's Order (Dkt. No. 282), which denied Defendants' Motion to Strike Expert Testimony of Chase Perry (Dkt. No. 211). After consideration of the underlying briefing, the Order, and the arguments raised by Defendants in their Objection, the Court agrees with the reasoning provided within the Order and concludes that it is not clearly erroneous. The Court therefore **OVERRULES** the Defendants' Objection and **ADOPTS** the Order.

## V. PLAINTIFFS' OBJECTION (DKT. NO. 308) TO REPORT AND RECOMMENDATION (DKT. NO. 287)

Plaintiffs filed an Objection (Dkt. No. 308) to the Magistrate Judge's Report and Recommendation (Dkt. No. 287). Plaintiff Objects to the Report and Recommendation's conclusion that (1) HiCon Company is a Sole Proprietorship; and (2) that Defendant Hwang is entitled to summary judgment for Plaintiffs' claims for royalties under the royalty agreement. (Dkt. No. 308.)

Plaintiffs argue that the Report failed to consider prior rulings striking arguments that HiCon Company is indistinguishable from Mr. Hwang. (*Id.* at 2–3.) However, the Magistrate Judge subsequently entered an Order clarifying this issue, stating that Defendants' argument that HiCon Company and Hwang are indistinguishable may still be used as a defense. (Dkt. No. 265.) This Order made it clear that Defendants' defense that HiCon Company is indistinguishable from Mr. Hwang was still a live issue in the case, and Plaintiffs did not object to this Order. Consequently, the Court does not give any weight to Plaintiffs' present argument that the Report failed to consider prior rulings.

Plaintiffs also argue that the Report failed to address the Texas Business Organizations Code in determining that HiCon Company was a sole proprietorship (Dkt. No. 308 at 3), but this argument is also without merit. The Report first concluded that HiCon Company was a sole proprietorship *under Korean law*. (Dkt. No. 287 at 4–7.) The Report then concluded that sole proprietorships were indistinguishable from their sole proprietor under either Korean law or Texas law. (*Id*. at 7–8.) Plaintiffs attempt to conflate these two steps, but the Court reached the conclusion that HiCon Company was a sole proprietorship under Korean law and not Texas law. Thus, Plaintiffs' argument that the Report failed to consider Texas Business Organizations Code in determining that HiCon Company was a sole proprietorship is unpersuasive.

Plaintiffs also argue that the Report erred by concluding that HiCon Company's sales were authorized sales (Dkt. No. 308 at 4), but this argument is also without merit. Plaintiffs appear to argue that the Report incorrectly granted summary judgment for claims of infringement against HiCon Company because it is unclear whether HiCon Company ever made any sales. However, this is inconsistent with Plaintiffs' position that summary judgment was not proper for claims of infringement against *HiCon Company*. Plaintiffs' appear to be making an argument that claims of infringement against HiCon Limited are viable claims, but the Report recommended that summary judgment be denied for such claims. Plaintiffs' argument does not show that the Report erred with respect to summary judgment for claims of infringement against HiCon Company. While Plaintiffs make other arguments in their Objection, they are not persuasive. Consequently, the Court agrees with the reasoning provided

within the Report and Recommendation. The Court therefore **OVERRULES** the Defendants' Objection and **ADOPTS** the Report and Recommendation.

### VI. DEFENDANTS' OBJECTION (DKT. NO. 307) TO REPORT AND RECOMMENDATION (DKT. NO. 300)

Defendants filed an Objection (Dkt. No. 307) to the Magistrate Judge's Report and Recommendation (Dkt. No. 307). The Report and Recommendation concluded that summary judgment was appropriate for breach of contract claims against Plastronics Socket. The Report and Recommendation relied on a statement from the Defendants in their Response that "if the statute of limitations bars Plastronics claims, Mr. Hwang agrees that the statute of limitations should bar his breach claim against Plastronics Socket." (Dkt. No. 234 at 4.)

Defendants now argue that the statute of limitations does not bar breach of contract claims against Plastronics Socket as Plastronics Socket remains liable for the obligations under the contract even after assigning the contract to Plastronics H-Pin. (Dkt. No. 307 at 2–3.) In regards to the statement that "Mr. Hwang agrees that the statute of limitations should bar his breach claim against Plastronics Socket," Defendants argue that the purpose of this statement "lied only in fairness" and that it was incorrect to extend such a statement to grant summary judgment for breach of contract claims for failure to provide royalties and for failure to provide an accounting against Plastronics Socket. (*Id*. at 4.)

After consideration of the underlying briefing, the Report and Recommendation, and the arguments raised by Defendants in their Objection, the Court agrees with the reasoning provided within the Report and Recommendation. The Report and

Recommendation's reasoning was focused on the statement made by Defendants in the Response, and the Court is not persuaded by any argument that this should not be construed as a waiver. Defendants did not make any argument about whether Plastronics Socket should remain liable under the contracts in the original briefing, instead stating only that "if the statute of limitations bars Plastronics claims, Mr. Hwang agrees that the statute of limitations should bar his breach claim against Plastronics Socket." The Court therefore **OVERRULES** the Defendants' Objection and **ADOPTS** the Report and Recommendation.

**So ORDERED and SIGNED this 3rd day of July, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE