IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. AND PLASTRONICS H-PIN, LTD.<br><br>Plaintiffs,<br><br>vs.<br><br>DONG WEON HWANG, AND HICON CO. LTD.<br><br>Defendants. | § § § § § § § § § § § § § § §  Civil Action No. 2:18-cv-00014-JRG<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' BENCH BRIEF REGARDING DISPUTE OF TERMS

Pursuant to the Court's Order from the Bench during trial on July 8, 2019, Plaintiffs Plastronics Socket Partners, Ltd. ("Plastronics Socket") and Plastronics H-Pin, Ltd. ("Plastronics H-Pin") (collectively, "Plastronics") submit this bench brief regarding terms of the Royalty Agreement and the Assignment Agreement that Plastronics believe are at issue.

**A.  The Royalty Agreement**

1. "3% of gross sales on inventions that are patentable by persons employed at PSP after all non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment test equipment, and patent costs."

Plastronics contend that the term "3% of gross sales on inventions that are patentable by persons employed at PSP after all non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment test equipment, and patent costs" is in dispute. Plastronics further contend that this term means that no royalties are due and owing to Hwang (i.e., 3%) until full costs are recovered by Plastronics for the "H-Pin project." Plastronics are entitled to deduct all costs related to the research, development, and bringing to market of the "H-Pin project" as disclosed in the Korean Application No. 10-2004-0079649, filed October 6, 2004 and the '602

1

Patent, including at least the examples included in the Royalty Agreement, i.e., "non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment, test equipment, and patent costs." Ex. A.  The terms of the Royalty Agreement provide that Plastronics is entitled to first direct revenues to paying back the non-recurring capital costs associated with the H-Pin project.  Further, the language "which include" shows that the following list of "stamping tools, tooling equipment, assembly equipment test equipment, and patent costs" is non-exhaustive.  *Id.*

Further, as Mr. Pfaff testified, royalties are to be paid from profits.  "So, if you look at the sales, there's a cost of sales, but then there's also all the -- all of the people I need, the buildings, and you have a lot of costs associated with getting it. *And then at the end of the day, you have to make a profit to pay back the capital. So the capital has got to be paid back from profit*."  Trial transcript of July 8, 2019, at 166:22-167:2.  As a result, this term should mean that no royalties are due and owing to Hwang (i.e., 3%) until full costs are recovered by Plastronics for the "H-Pin project".  *See* Ex. A.

**B.    The Assignment Agreement**

1.  <u>"each Assignee shall be entitled to accounting for any revenue received, and for profits, if any, made from the invention, for the term of any patents which may issue for the invention, in the United States and throughout the World"</u>

As pointed out by the Magistrate, "it is a 'well established principle' of Texas law that, 'in order to ascertain the entire agreement between contracting parties, separate documents executed at the same time, for the same purpose, and in the course of the same transaction are to be construed together." Dkt. No. 295 (quoting *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, 327 (Tex. 1984)).  Hence, the Royalty Agreement and the Assignment should be read together.  The Royalty Agreement states for each party: "3% of gross sales on inventions that are patentable by persons employed at PSP after all non-reoccurring capital costs, which include stamping tools,

tooling equipment, assembly equipment test equipment, and patent costs…Remuneration will be made twice annually within 45 days of the close of the books on June 30th and December 31st with calculated results with back data." Ex. A. The Assignment Agreement provides: "each Assignee shall be entitled to accounting for any revenue received, and for profits, if any, made from the invention, for the term of any patents which may issue for the invention, in the United States and throughout the World." Ex. B. The Royalty Agreement provision is more specific than the similar provision in the Assignment Agreement and thereby controls. *See Hill v. Schilling*, No. 3:07-CV-2020-L, 2016 WL 194083, at *6 (N.D. Tex. Jan. 15, 2016) ("'[I]n Texas, a specific contractual provision prevails over a general provision.'") (quoting *Evercore Capital Partners II, L.L.C. v. Davis Trust (In re Davis Offshore, L.P.)*, 644 F.3d 259, 266 (5th Cir. 2011)).

     Under the Royalty Agreement, Plastronics is to pay a royalty to Mr. Hwang "after all non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment test equipment, and patent costs." Ex. A. Likewise, if "all non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment test equipment, and patent costs" have not been recovered, then no royalty from Plastronics is due. *Id.* Consequently, if no royalty is due, then no remuneration is due because remuneration depends on the existence of a royalty owed. A royalty does not come to fruition until "after all non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment test equipment, and patent costs." Ex. A. Therefore, under the Royalty Agreement and the Assignment no remuneration or accounting is due by Plastronics until after recovery "all non-reoccurring capital costs, which include stamping tools, tooling equipment, assembly equipment test equipment, and patent costs." Ex. A.

Dated: July 9, 2019

Respectfully Submitted,

*/s/Katarzyna Brozynski*
Katarzyna Brozynski
Texas State Bar No. 24036277
kbrozynski@spencerfane.com
Antonio S. Devora
Texas State Bar No. 24074133
adevora@spencerfane.com
Bart Dalton
Texas State Bar No. 24043418
bdalton@spencerfane.com
SPENCER FANE, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 Telephone
(972) 324-0301 Fax

Brian T. Bear (pro hac vice)
Missouri State Bar No. 61957
bbear@spencerfane.com
SPENCER FANE, LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
(816) 474-8100 Telephone
(816) 474-3216 Fax

Andrew W. Lester
Texas State Bar No. 12235260
alester@sepencerfane.com
SPENCER FANE, LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
(405) 844-9900 Telephone
(405) 844-9958 Fax

Robert Christopher Bunt
State Bar No. 00787165
rcbunt@pbatyler.com
Charles L. Ainsworth
State Bar No. 00783521
charley@pbatyler.com
Parker Bunt & Ainsworth, PC
100 E. Ferguson, Suite 418
Tyler, Texas 75702

(903) 531-3535 Telephone

**ATTORNEYS FOR PLAINTIFFS**
**PLASTRONICS SOCKET PARTNERS, LTD.,**
**and PLASTRONICS H-PIN, LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 9, 2019, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

                                                 */s/ Katarzyna Brozynski*
                                                 Katarzyna Brozynski