```
 1               IN THE UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF TEXAS

 3                       MARSHALL DIVISION

 4   PLASTRONICS SOCKET          )(

 5   PARTNERS, LTD., AND         )(   CIVIL ACTION NO.

 6   PLASTRONICS H-PIN, LTD.,    )(   2:18-CV-14-JRG-RSP

 7        PLAINTIFFS,            )(

 8   VS.                         )(   MARSHALL, TEXAS

 9                               )(

10   DONG WEON HWANG, AND        )(   JULY 12, 2019

11   HICON CO. LTD.,             )(   9:06 A.M.

12        DEFENDANTS.            )(

13             TRIAL TRANSCRIPT OF JURY TRIAL

14        BEFORE THE HONORABLE JUDGE RODNEY GILSTRAP

15            UNITED STATES CHIEF DISTRICT JUDGE

16
     FOR THE PLAINTIFFS:     Ms. Katarzyna Brozynski
17                           Mr. Antonio Devora
                             Mr. Bart Dalton
18                           Spencer Fane, LLP
                             5700 Granite Parkway
19                           Suite 650
                             Plano, Texas 75024
20
     COURT REPORTER:         Ms. Shelly Holmes, CSR, TCRR
21                           Official Reporter
                             United States District Court
22                           Eastern District of Texas
                             Marshall Division
23                           100 E. Houston Street
                             Marshall, Texas  75670
24                           (903) 923-7464

25   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)
```

```
 1
     FOR THE PLAINTIFFS:      Mr. Brian Bear
 2                            Spencer Fane, LLP
                              1000 Walnut Street
 3                            Suite 1400
                              Kansas City, Missouri 64106
 4
                              Mr. Robert Christopher Bunt
 5                            Parker Bunt & Ainsworth, PC
                              100 E. Ferguson
 6                            Suite 418
                              Tyler, Texas 75702
 7
     FOR THE DEFENDANTS:      Ms. Elizabeth DeRieux
 8                            Capshaw DeRieux, LLP
                              114 E. Commerce Avenue
 9                            Gladewater, Texas 75647

10                            Mr. Russ Emerson
                              Mr. Charlie Jones
11                            Ms. Stephanie Sivinski
                              Ms. Debbie McComas
12                            Ms. Tiffany Cooke
                              Haynes & Boone, LLP
13                            2323 Victory Avenue
                              Suite 700
14                            Dallas, Texas 75219

15                            Mr. Samuel Lee
                              Mr. Jay Hoon Byun
16                            Yulchon LLC
                              Parnas Tower, 38F, 521 Teheran-ro
17                            Gangnam-gu, Seoul 06164, Korea

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              (Jury out.)
 3              COURT SECURITY OFFICER:  All rise.
 4              THE COURT:  Be seated, please.
 5              Counsel, I've been advised by the Court Security
 6   Officer that the jury has reached a verdict.  I'm about to
 7   bring the jury in and receive their verdict and then poll
 8   the jury to make sure it's the unanimous verdict of all
 9   eight members of the jury.
10              I want to remind everyone present that there are
11   to be no overt reactions, no matter what the verdict is one
12   way or the other.  I expect everyone to be professional,
13   composed, and non-expressive.
14              After I've received the verdict and accepted it
15   and polled the jury to confirm its unanimous nature, it is
16   my practice to ask the jury to allow me to meet them in the
17   jury and thank them personally for their service, which I
18   will do.
19              I also traditionally will give the jury cell phone
20   numbers for each of the two trial teams and advise them if
21   they wish to contact either side to discuss their jury
22   service, that I know both sides, regardless of the outcome,
23   would be interested to hear from them.  It will be their
24   decision as to whether to make those phone calls or not,
25   but I will give them the numbers that you have furnished to
```

```
 1   me for that purpose.
 2          All right.  Are there any questions from either
 3   side before I bring in the jury?
 4          Anything from the Plaintiff?
 5          MR. DALTON:  No, Your Honor.
 6          THE COURT:  Anything from the Defendants?
 7          MR. EMERSON:  No, sir.
 8          THE COURT:  All right.  Please bring in the jury,
 9   Mr. Johnston.
10          (Jury in.)
11          THE COURT:  Please be seated.
12          Ms. Collins, I understand that you're the
13   foreperson of the jury; is that correct?
14          THE FOREPERSON:  Yes.
15          THE COURT:  Has the jury reached a verdict?
16          THE FOREPERSON:  Yes.
17          THE COURT:  All right.  In that case, will you
18   hand the signed and dated verdict form to the Court
19   Security Officer who will bring it to me?
20          All right.  Ladies and gentlemen of the jury, I'm
21   going to announce the verdict into the record at this time,
22   and I'm going to ask all eight members of the jury to
23   listen particularly carefully, because after I've announced
24   the verdict into the record, I'm going to ask each of you
25   if this is your verdict so that we can poll the jury and
```

```
 1   confirm on the record that these answers and this verdict
 2   are unanimous for all eight of you.
 3           Turning to Question 1 in the verdict form.
 4           Did Plastronics H-Pin prove by a preponderance of
 5   the evidence that HiCon Limited directly infringed or
 6   induced infringement of Claim 1 of the '602 patent?
 7           The jury's answer is no.
 8           Question 2:  Since Question 1 was answered no,
 9   Question 2 has been left blank.  That is what the Court's
10   instruction in the verdict form requires.
11           Question 3 also is left blank because the answer
12   to Question 1 was no.  That comports with the Court's
13   instructions.
14           Turning then to Question 4:  Did Mr. Hwang prove
15   by a preponderance of the evidence that Plastronics H-Pin
16   breached the Assignment Agreement?
17           There, the jury's answer is no.
18           Question 5 is left blank, which is in compliance
19   with the Court's instructions since the question -- since
20   Question 4 was answered no.
21           That brings us to Question 6:  Did Mr. Hwang prove
22   by a preponderance of the evidence that Plastronics H-Pin
23   breached the Royalty Agreement?
24           There the jury's answer is yes.
25           Turning to Question 7, since the jury answered
```

1  Question 6 yes, the jury proceeded to -- to answer Question
2  7.
3          Question 7 is what sum of money if paid today in
4  cash would fairly and reasonably compensate Mr. Hwang for
5  his damages, if any, that resulted from Plastronics H-Pin's
6  breach of the Royalty Agreement?
7          The jury's answer in United States dollars is
8  $1,361,860.00.  $1,361,860.00.
9          Turning then to Question 8:  Did Plastronics H-Pin
10 prove by a preponderance of the evidence that Mr. Hwang
11 breached the Royalty Agreement?
12         The jury's answer is yes.
13         Turning to Question 9:  Did Mr. Hwang prove by a
14 preponderance of the evidence that Plastronics fraudulently
15 induced Mr. Hwang into entering into the Royalty Agreement?
16         The jury's answer is no.
17         Question 10 requires an answer if the jury
18 answered yes to Question 8, which they did, so turning to
19 Question 10:  What sum of money if paid today in cash would
20 fairly and reasonably compensate Plastronics H-Pin for its
21 damages, if any, that resulted from Mr. Hwang's breach of
22 the Royalty Agreement?
23         The jury's answer, again, in United States dollars
24 is $622,606.00.  $622,606.00.
25         Turning to Question 11:  Did Plastronics H-Pin

1   prove by a preponderance of the evidence that Mr. Hwang
2   breached the Assignment Agreement?
3           The jury's answer is no.
4           Question 12 is prefaced by an instruction that
5   requires the jury to have answered yes to both Question 4
6   and Question 11 before they proceed to answer Question 12.
7   They did not answer yes to both of those questions, and
8   they properly left Question 12 blank and did not answer it.
9           Turning next to Question 13:  Did Mr. Hwang prove
10  by a preponderance of the evidence that Plastronics
11  fraudulently induced Mr. Hwang into entering into the
12  Assignment Agreement?
13          The jury's answer is no.
14          Question 14 is prefaced upon the jury having
15  answered yes to Question 11.  The jury answered no to
16  Question 11, and accordingly, Question 14 is left blank,
17  and properly so.
18          Next is Question 15:  Did Plastronics Socket prove
19  by a preponderance of the evidence that HiCon Limited
20  tortiously interfered with one or more of Plastronics
21  Socket's prospective business relationships?
22          The jury's answer is no.
23          Question 16 requires before it is answered that
24  the jury have answered yes to Question 15.  Having answered
25  no to Question 15, the jury did not answer Question 16, and

properly so.

Question 17, again, is prefaced by a yes answer to Question 15.  The jury answered no to Question 15, and accordingly, Question 17 has not been answered, and properly so.

Question 18, likewise, is prefaced upon a yes answer to Question 15.  The jury having answered Question 15 no, the jury did not answer Question 18, and properly so.

Question 19 is prefaced upon a yes answer to Question 18.  Since the jury did not answer Question 18, it did not answer Question 19, and properly so.

Question 20 is based upon a yes answer to Question 16, and the jury did not answer Question 16.  Accordingly, Question 20 is left blank and not -- and was not answered, and properly so.

Question 21 requires a yes answer to Question 20 before it should be answered.  Question 20 was properly not answered, therefore, Question 21 was not answered by the jury, and properly so.

That brings the verdict to its final page, and the Court finds that it has been signed by Ms. Tina M. Collins, as foreperson of the jury, and is dated today's date, July the 12th, 2019.

Ladies and gentlemen of the jury, at this time,

 1   let me poll you to make sure that this verdict and the
 2   answers that I've read represent the complete and unanimous
 3   decision of all eight members of the jury.
 4           If this is your verdict as I have read it, would
 5   you please stand at this time?
 6           (Jury polled.)
 7           THE COURT:  Thank you.  Please be seated.
 8           Let the record reflect that in response to the
 9   Court's question to poll the jury as to the unanimous
10   nature of its answers to the questions in the verdict form,
11   all eight members of the jury immediately stood -- rose and
12   stood in response to the Court's question.
13           The Court finds that this verdict is the unanimous
14   decision of the eight members of the jury in this case.
15   The Court accepts the verdict.  And the Court will now
16   deliver the original verdict to the courtroom deputy to be
17   included in the documents on file in this cause.
18           Ladies and gentlemen, this now completes the trial
19   of this case.  From the very beginning, before you were
20   selected as jurors, I began instructing you as a part of
21   the panel, and I have instructed you repeatedly throughout
22   your service in this case not to discuss this case with
23   anyone.
24           I'm now releasing you from that instruction and
25   all my earlier instructions, and I'm discharging you as

1  members of this jury.  That means, ladies and gentlemen,
2  that you're free to talk about your service in this case as
3  jurors with anyone that you'd like to, to any extent that
4  you'd like to, and by the same token, you are also free not
5  to talk about your service as jurors with anyone of your
6  choosing to any extent.
7          Said another way, that issue is totally and 100
8  percent up to each of you individually.
9          I will tell you that the custom and the practice
10 in this court, because I lived with -- as a practicing
11 lawyer with it for 30 years, is that the members of the
12 trial teams and the parties cannot approach you and
13 initiate a conversation about this case and how they
14 performed and any of the questions that they would like to
15 ask.  They're not allowed to initiate a conversation with
16 you.
17         But you can initiate a conversation with them, if
18 you like.  That's the practice here.
19         Consequently, what that's always meant for the
20 last 30 years, because I used to do it myself, is I
21 guarantee you when you leave the building, since there's
22 one way in and one way out, they'll be standing on the
23 sidewalk at the bottom of the steps out front hoping that
24 you'll stop and talk to them.
25         If you'd like to stop and talk to them, I promise

1  you, they'd be interested to hear from you, and they'll
2  have questions they want to ask to get your feedback.  If
3  you prefer not to talk to them, no one's going to initiate
4  a conversation with you, no one is going to stop you, no
5  one's going to try to force you to talk.  Simply smile and
6  walk right by.  It is 100 percent totally up to you.
7          Also, ladies and gentlemen, there's a new addition
8  to this custom that I've started doing since I've been on
9  the bench.  I've asked each side to give me two cell phone
10 numbers for two of the lawyers on each side.  I have those
11 cell phone numbers with me, and I'm going to give them to
12 you.
13         And if tomorrow, next week, next month, anytime in
14 the future the urge strikes you to talk with one or more
15 than one of those people with those cell phone numbers,
16 pick up your phone and call them.  I guarantee you they'll
17 be interested to talk to you.  But, again, you have to
18 initiate any such conversation.
19         And if you'd prefer not to talk with anybody,
20 simply don't make any phone calls.  But I'll have those
21 numbers for you in just a moment.
22         Also, ladies and gentlemen, I cannot stress enough
23 how much the Court appreciates your service as jurors in
24 this case.  I know that each of you made significant
25 sacrifices in your own personal lives to be here and to

```
 1  serve and to set aside all the many responsibilities and
 2  obligations that each of you had to be a part of this trial
 3  and to uphold the Seventh Amendment and the other
 4  constitutional guarantees that all these parties, all these
 5  lawyers, everyone in this courtroom has under our American
 6  Constitution.  You have rendered very real and important
 7  public service, and that is no small thing.
 8          Quite honestly, ladies and gentlemen, this Court
 9  as an institution provided for under Article III of the
10  Constitution could not function -- literally, we could not
11  function if citizens like you did not respond appropriately
12  and appear and sacrifice to serve as jurors as you have in
13  this case.
14          Consequently, I think that this service that
15  you've each rendered warrants more than a few words from me
16  at the bench.  And I'd like to ask a personal favor of you,
17  and I do this in each jury trial when I've received a
18  verdict and accepted it.
19          I'd like you in a moment to meet me in the jury
20  room and let me come into the jury room.  I'd like to shake
21  each one of your hands.  I'd like to tell you face-to-face
22  how much the Court appreciates your service.  I promise you
23  it won't take long.  I know that you've been here most of
24  this week, all of this week, in fact, and I know you have
25  other things you need to do, and I will not keep you.  But
```

```
 1   if you'd afford me that honor and privilege, I'd very much
 2   like to come thank you in person before you leave.
 3             With that, ladies and gentlemen, having discharged
 4   you as jurors, if you would afford me the privilege I've
 5   requested, I'll meet you in the jury room in just a few
 6   moments.
 7             The jury is excused to the jury room.
 8             COURT SECURITY OFFICER:  All rise.
 9             (Jury out.)
10             THE COURT:  As noted, counsel, the Court has
11   accepted the jury's verdict.  That completes the trial of
12   this case.  You are excused.
13             (Court adjourned.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    CERTIFICATION

 2

 3        I HEREBY CERTIFY that the foregoing is a true and

 4   correct transcript from the stenographic notes of the

 5   proceedings in the above-entitled matter to the best of my

 6   ability.

 7

 8

 9   /S/ Shelly Holmes    _____          7/12/19
     SHELLY HOLMES, CSR, TCRR              Date
10   OFFICIAL REPORTER
     State of Texas No.: 7804
11   Expiration Date: 12/31/20

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```